IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-2724 |
| ) | |
| WAYNE FRANO, VINCENT CELIO, CARL ) | Hon. Judge Martha M. Pacold |
| BRASIC, TIMOTHY MCDERMOTT, JOHN ) | |
| FOLINO, JR., PATRICK CONROY, DAVID ) | |
| ZELIG, PETER BABICH, and the CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## CITY DEFENDANTS' JOINT MOTION TO DISMISS COUNT VIII

NOW COME Defendants, Wayne Frano, Vincent Celio, Carl Brasic, Timothy McDermott, John Folino, Jr., Patrick Conroy, David Zelig and Peter Babich, by and through their attorneys, Steve B. Borkan, Timothy P. Scahill, Misha Itchhaporia and Emily E. Schnidt of Borkan & Scahill, Ltd., BORKAN & SCAHILL, LTD., and Defendant City of Chicago, by and through its attorneys, Terrence M. Burns of Reiter Burns, LLP, and move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count VIII of Plaintiff's Complaint. In support thereof, the City Defendants state as follows:

1. Plaintiff filed this action on May 1, 2023 against Defendants Wayne Frano, Vincent Celio, Carl Brasic, Timothy McDermott, John Folino, Jr., Patrick Conroy, David Zelig and Peter Babich ("Defendant Officers") and the City of Chicago ("City"), alleging various causes of action related to the investigation surrounding and Plaintiff's prosecution for the December 3, 2008 murder of Christopher Handford. *See* Ex. 1 (Complaint).

2. Count VIII of Plaintiff's Complaint purports to bring a cause of action under Illinois

law for "Willful and Wanton Conduct." *Id.* at Ct. VII.

3. Specifically, Plaintiff alleges Defendants had a duty to refrain from willful and wanton conduct in connection with the investigation of the Christopher Handford murder and in breach of that duty showed an utter indifference to, or conscious disregard of, Plaintiff's rights. *Id.*

4. However, under well-settled Illinois law, "there is no separate, independent tort of willful and wanton conduct." *Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 2012 IL 112479, ¶ 19; *Krywin v. Chicago Transit Authority,* 238 Ill.2d 215, 235 (2010). "Rather, willful and wanton conduct is regarded as an aggravated form of negligence." *McLean*, 2012 IL 112479, ¶ 19.

5. Accordingly, to recover for damages based on willful and wanton conduct, a plaintiff must plead and prove the basic elements of a negligence claim in addition to alleging either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare. *Id.*

6. Here, because there is no recognized stand-alone claim for willful and wanton conduct or "a duty to refrain from willful and wanton conduct" under Illinois law, Count VIII does not state a claim for which relief can be granted.

7. In *Fletcher v. Bogucki, et al.*, the Court recently dismissed such a claim on the basis that the allegation that a "duty to refrain from willful and wanton conduct in connection with the … murder investigation" is insufficient to allege even a negligence claim aggravated by willful and wanton conduct. No. 20-CV-04768, 2021 WL 4477968, at *8 (N.D. Ill. Sept. 30, 2021).

8. Similarly here, Plaintiff's erroneous invocation of a standalone "willful and wanton conduct" claim and failure to allege a duty recognized under Illinois law is fatal to his claim in Count VIII and requires dismissal. *Id.*

9. Plaintiff's Complaint also asserts vicarious theories of recovery against the City in Count X *(respondeat superior)* and Count XI (indemnity statute). Because Plaintiff's claim in Count VIII should be dismissed pursuant to this motion, there is no remaining basis to impose vicarious liability against

the City through that count. Section 2-109 of the Tort Immunity Act provides that a "local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable." (745 ILCS 10/2-109). Where a municipal employee is not liable by virtue of a common law defense or statutory immunity, the local unit of government for which that employee works enjoys similar protection by virtue of Section 2-109 of the Act. *See, e.g.*, *Sank v. Poole*, 596 N.E.2d 1198, 1203 (Ill. App. Ct. 1992). To the extent Count VIII is dismissed against the individual defendants, there is no remaining basis to impose vicarious liability on the City pursuant to plaintiff's derivative *respondeat superior* and indemnification claims for the willful and wanton conduct claim.

10. In accord with this Court's standing order, Defendants attempted to confer with Counsel for Plaintiff about whether the motion for opposed and to agree on a proposed briefing schedule but did not receive a response from Counsel for Plaintiff at the time of the filing of this motion.

WHEREFORE, Defendant Officers and the City pray this Court enter an order dismissing Count VIII of the Complaint with prejudice, as well as those portions of Counts X and XI that seek vicarious relief pursuant to the allegations of that count, and for whatever additional relief this Court deems just.

Respectfully submitted,

By: *s/ Paul A. Michalik*  
Special Assistant Corporation Counsel

Terrence M. Burns  
Paul A. Michalik  
Daniel M. Noland  
Katherine C. Morrison  
Daniel J. Burns  
Dhaviella N. Harris  
Reiter Burns LLP  
311 South Wacker Dr., Suite 5200  
Chicago, IL 60606  
(312) 982-0090 (telephone)  
(312) 429-0644 (facsimile)

By: *s/ Misha Itchhaporia*  
Special Assistant Corporation Counsel

Steven B. Borkan  
Timothy P. Scahill  
Graham P. Miller  
Misha Itchhaporia  
Borkan & Scahill, Ltd.  
20 S. Clark St., Suite 1700  
Chicago, IL 60302  
Tel: (312) 580-1030  
Fax: (312) 263-0128  
*Attorneys for Defendants Frano, Celio, Brasic, McDermott, Folino, Conroy, Zelig & Babich*

*Attorneys for Defendant City of Chicago*