IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN ROBINSON | ) | |
| | ) | No. 23-cv-2724 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Hon. Judge Martha M. Pacold |
| WAYNE FRANO, VINCENT CELIO, CARL BRASIC, TIMOTHY MCDERMOTT, JOHN FOLINO, JR., PATRICK CONROY, DAVID ZELIG, PETER BABICH, and the CITY OF CHICAGO | ) | |
| | ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT VIII**

Now comes Plaintiff, Allen Robinson, by and through his undersigned attorneys, and respectfully files this Response in Opposition to Defendants' Motion to Dismiss, Dkt. 55, and states as follows:

**INTRODUCTION**

Plaintiff Allen Robinson spent nearly fourteen years in prison after he was wrongfully convicted of a murder he did not commit. As Plaintiff details in his Complaint, Defendants worked in concert to frame him for the 2008 murder of Christopher Handford. Plaintiff fought hard for more than a decade to prove his innocence and was finally freed on May 9, 2022. Plaintiff now seeks to both hold Defendants accountable for the harm they caused him and to seek justice for the systemic abuse that allowed his wrongful conviction to happen.

1

Plaintiff has brought numerous counts against the Defendants including federal counts under 42 U.S.C. § 1983 in addition to state law counts for malicious prosecution, intentional infliction of emotional distress, willful and wanton conduct, and civil conspiracy. Defendants have moved, contrary to the clear case law in this District, to dismiss Plaintiff's properly pled willful and wanton conduct count. Plaintiff asks this Court, for the following reasons, to deny Defendants' motion to dismiss Count VIII.

**DISCUSSION**

Plaintiffs do not contest that "under Illinois law, there is no separate and independent tort of willful and wanton misconduct." *Farnik v. Chicago Police Department*, No. 14-cv-3899, 2015 WL 13878225, at *3 (N.D. Ill. July 13, 2015) (internal quotations and citation omitted). Defendants would like the story to end here. Case law in this District, however, holds otherwise and is explicitly clear that "[n]evertheless, Illinois recognizes a claim for willful and wanton conduct as a form of aggravated negligence." *Id.*; *see also Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 973 N.E.2d 880, 887 (Ill. 2012) (holding that plaintiffs may properly plead claims for willful and wanton conduct because they are simply aggravated negligence claims); *Papadakis v. Fitness 19 IL 116, LLC*, 148 N.E.3d 648, 653-54 (Ill. App. 2018) ("Willful and wanton conduct is an aggravated form of negligence."). "Thus, the court will not dismiss the claim solely on the basis that Illinois does not recognize an independent tort for willful and wanton conduct." *Farnik*, 2015 WL 13878225, at *5; *see also Murphy v. Salgado*, No. 13-cv-4566, 2014 WL 114266, at *2 (N.D. Ill. Jan. 13, 2014) (declining to dismiss willful and wanton conduct claim "because Defendants offer no other reason to dismiss the claim" other than the fact that there is no separate and independent tort for willful and wanton conduct). Yet that is exactly what Defendants are asking this Court to do. Defendants do not challenge the specific

elements of Plaintiff's willful and wanton conduct count, but instead misconstrue the case law to argue that Illinois law does not recognize such a claim. As discussed above, the case law does not so hold. Instead, in order to properly plead willful and wanton conduct, all Plaintiff must plead are the "basic elements of a negligence claim—that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was a proximate cause of the plaintiff's injury, as well as the additional element that the defendant had either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *Farnik*, 2015 WL 13878225, at *5. Plaintiff has properly pled those elements as part of his willful and wanton conduct count—even Defendants do not dispute this—and therefore the count should not be dismissed. Dkt. No. 1 ¶¶ 165-168.

Significantly, in the only case cited by Defendants in which a willful and wanton conduct count was dismissed, the court specifically recognizes that the legal theory cannot be dismissed on its face alone. *Fletcher v. Bogucki*, No. 20-cv-04768, 2021 WL 4477968, at *7-8 (N.D. Ill. Sept. 30, 2021) ("[W]illful and wanton conduct is regarded as an aggravated form of negligence."). Instead, the court dismissed the willful and wanton count because the plaintiff did "not identif[y] a duty owed to him or a breach of that duty." Here, Plaintiff has properly pled that Defendants owed him a duty and breached that duty. Dkt. No. 1 ¶¶ 165-168.

Further, Defendants' motion improperly seeks to dismiss a count, rather than a claim. "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). Plaintiff's willful and wanton conduct count is "premised on the same core set of facts" that give rise to Plaintiff's other legal theories and thus form one "claim," which Defendants do not seek

3

to dismiss. *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 997 (N.D. Ill. 2013); *see also Sokja v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) ("[o]ne claim supported by multiple theories does not somehow become multiple claims"). Dismissal of this legal theory is thus not proper at this juncture.

In addition to dismissing Plaintiff's willful and wanton conduct count, Defendants also ask this Court to dismiss his counts of *respondeat superior* and indemnification. But again, Defendants misrepresent the situation by arguing that if this Court dismisses Plaintiff's willful and wanton conduct count, there would be "no remaining basis to impose vicarious liability on the City." Dkt. No. 55 at 3. This is simply not true. Because Plaintiff pleads several other state law counts in addition to willful and wanton conduct, regardless of what this Court decides on Count VIII, Plaintiff has several other bases for his *respondeat superior* and indemnification claims.

For these reasons, Plaintiff Allen Robinson seeks an order from this Court denying Defendants' Motion to Dismiss.

                                        RESPECTFULLY SUBMITTED:

                                        **ALLEN ROBINSON**

                                        By: /s/ Annie Prossnitz

Jon Loevy
Scott Rauscher
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312)243-5900
prossnitz@loevy.com

## **CERTIFICATE OF SERVICE**

      I, Annie Prossnitz, an attorney, certify that on October 6, 2023, I filed the foregoing Response in Opposition to Defendants' Motion to Dismiss Count VIII using the Court's CM/ECF system, which effected service on all counsel of record.

                                                             /s/Annie Prossnitz
                                                             *One of Plaintiff's Attorneys*