**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **ALLEN ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-CV-2724** |
| | ) | |
| | ) | |
| **WAYNE FRANO, VINCENT CELIO, CARL** | ) | **Hon. Judge Martha M. Pacold** |
| **BRASIC, TIMOTHY MCDERMOTT, JOHN** | ) | |
| **FOLINO, JR., PATRICK CONROY, DAVID** | ) | |
| **ZELIG, PETER BABICH, and the CITY OF** | ) | |
| **CHICAGO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CITY DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS COUNT VIII

In his Response, Plaintiff acknowledges that there is no independent tort under Illinois law for "willful and wanton conduct," despite pressing such a claim in Count VIII of his Complaint. Pl. Resp. at 2. Instead, Plaintiff argues that what he meant to plead was a claim for aggravated negligence, which is recognized under Illinois law. *Id.* at 2-3. To plead such a claim, however, as Defendants pointed out in their Motion and as Plaintiff seems to acknowledge in his Response, a plaintiff must adequately plead the elements of a negligence claim, including that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was a proximate cause of the plaintiff's injury. *Fletcher v. Bogucki*, No. 20-CV-04768, 2021 WL 4477968, at *7 (N.D. Ill. Sept. 30, 2021) (citing *Jane Doe-3 v. McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 2012 IL 112479, ¶ 19). Plaintiff argues such elements are adequately pleaded, but this is not the case.

Illinois law commands that Plaintiff set forth his claim against a municipality or public employees under conventional tort principles (duty, breach, injury, proximate causation). *See Coleman*

*v. East Joliet Fire Protection Dist.*, 2016 IL 117952, ¶ 61, 46 N.E.3d 741, 757-58 (Ill. 2016). Here, Plaintiff has not pleaded an identifiable duty recognized under Illinois law, or how such duty was breached and caused his injury. This exact issue arose in *Fletcher* where, as here, Plaintiff alleged a "willful and wanton" claim based on the defendants' "duty to refrain from willful and wanton conduct in connection with the Sorrell murder investigation." *Fletcher*, 2021 WL 4477968 at *8. The court held this alleged "duty" "is too vague to support a negligence claim," and such allegations on their face did not support a negligence claim. *Id.*

Plaintiff's allegations in this case are identical to those in *Fletcher*. Plaintiff here alleges defendants "had a duty to refrain from willful and wanton conduct in connection with the Chrisopher Handford murder investigation," "acted willfully and wantonly through a course of conduct that showed utter indifference to, or conscious disregard of, Plaintiff's rights," and that such conduct caused Plaintiff various types of injury. Dkt. 1 at ¶¶ 165-168. As in *Fletcher*, the duty alleged is conclusory, vague and not recognized under Illinois law, such that the allegations are insufficient to state a claim even for negligence.

Thus, Plaintiff's invocation of the phrase "willful and wanton conduct" does not state a claim. The failure to allege a duty recognized under Illinois law is fatal to his claim in Count VIII against the Defendant Officers, and requires dismissal. Moreover, because Plaintiff's claim in Count VIII must be dismissed, there is no remaining basis to impose vicarious liability against the City in Counts X and XI to the extent based on the deficient "willful and wanton conduct" claim.[1]

WHEREFORE, Defendant Officers and the City pray this Court enter an order dismissing Count VIII of the Complaint with prejudice, as well as those portions of Counts X and XI that seek

---

[1] Plaintiff misstates the City Defendants' motion as seeking to dismiss the *respondeat* superior and indemnity claims in their entirety. Resp. at 4. As the motion makes clear, the City seeks dismissal of those portions of Counts X and XI to the extent based on allegations in Count VIII that are dismissed.

vicarious relief pursuant to the allegations of that count, and for whatever additional relief this Court

deems just.

Respectfully submitted,

By: *s/ Paul A. Michalik*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
Reiter Burns LLP
311 South Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090 (telephone)
(312) 429-0644 (facsimile)
*Attorneys for Defendant City of Chicago*

By: *s/ Misha Itchhaporia*
Special Assistant Corporation Counsel

Steven B. Borkan
Timothy P. Scahill
Graham P. Miller
Misha Itchhaporia
Borkan & Scahill, Ltd.
20 S. Clark St., Suite 1700
Chicago, IL 60302
Tel: (312) 580-1030
Fax: (312) 263-0128
*Attorneys for Defendants Frano, Celio, Brasic
McDermott, Folino, Zelig & Babich*