IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN ROBINSON, | ) ) | |
| | ) | Case No. 23 C 02724 |
| *Plaintiff*, | ) ) | |
| | ) | Hon. Judge Martha M. Pacold |
| *v.* | ) | District Judge |
| | ) | |
| WAYNE FRANO, *et al.*, | ) | Mag. Judge Heather K. McShain |
| | ) ) | |
| *Defendants*. | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's Order (Dkt. 64), the parties submit the following joint status report:

**Progress of Discovery**

1. Since the parties' last status report in this case, the parties have exchanged their initial written discovery requests and will exchange responses by February 5, 2024.

2. Defendants are preparing subpoena riders to provide to Plaintiff's counsel before serving on the deponents to attempt to negotiate any disputes.

**Amended Pleadings**

3. Plaintiff does not intend to file an amended complaint at this time.

4. Defendants' motion to dismiss Count VIII is fully briefed and currently pending before this Court.

**Fact Discovery Deadline**

5. Plaintiff's Position:

    a. General type of discovery needed: Fact and expert discovery into Plaintiff's individual claims, *Monell* claims, and damages will be necessary in this case.

    b. Fact discovery deadline: August 31, 2024

    c. Expert discovery:

        i. Plaintiff's Rule 26(a)(2) disclosures on September 26, 2024; Defendants' Rule 26(a)(2) disclosures on October 17, 2024; Plaintiff's Rule 26(a)(2) rebuttal disclosures on November 7, 2024.

6. <u>Defendants' Position:</u>

    a. This is a case involving significant complex legal issues and a lengthy litigation history, stemming from Plaintiff's 2008 arrest, subsequent criminal prosecution, and post-conviction proceedings. This case's 16-year history will require dozens of depositions, thousands of pages of subpoenaed records, hundreds of transcripts, and additional, detailed discovery. Indeed, the Parties have all sought almost three months to answer preliminary written discovery. In the meantime, Defendants have been collecting records, transcripts, and files, including engaging in motion practice in state court to obtain Plaintiff's sealed court file. Defendants have presently identified at least 25 fact depositions but will likely identify additional deponents upon receipt of Plaintiff's written discovery answers and subpoenaed or requested records. Those depositions include:

        i. Plaintiff;
       ii. 6 Defendant Officers;
      iii. 3 occurrence witnesses (Lamarius Robinson, Deandre Guyton, and Oscar Russell);
      iv. 4 witnesses Plaintiff claims are not occurrence witnesses (Johntay Washington, Ozell Jackson, Jamion Winters, and February Burage);

2

      v. 4 witnesses who Plaintiff claims will establish his alibi or inculpate Lamarius Robinson in the crime (Jenee Moreland, Quintin Davis, Latonya Fleming, and Ethel Lewis);
      vi. State's Attorneys, including the felony review and grand jury State's Attorneys who spoke to witnesses, the prosecuting and post-conviction State's Attorneys;
      vii. Plaintiff's criminal defense attorney who claims was ineffective;
      viii. Plaintiff's anticipated damages witnesses;
      ix. Plaintiff's anticipated Fed. R. Evid. 404(b) witnesses.

  b. Further, depending on the nature and extent of *Monell* discovery Plaintiff discloses and pursues, Defendants may file a motion to bifurcate discovery and trial of the *Monell* claims from the underlying Section 1983 claims against the individual defendant police officers. If Plaintiff does not pursue or disclose burdensome *Monell* discovery, then Defendants believe that the fact discovery in this case could be completed in 12 months. If Plaintiff discloses and/or pursues burdensome and extensive *Monell* discovery, then Defendants would need to reevaluate their estimate of a reasonable fact discovery time period at that time.

  c. Assuming Plaintiff does not pursue burdensome *Monell* discovery, Defendants propose a fact discovery deadline of December 31, 2024. The Court did not ask the Parties to propose an expert discovery schedule and Defendants ask this Court to continue to defer setting an expert discovery schedule until a time closer to the completion of fact discovery, consistent with its September 29, 2023 order. *See* Dckt. No. 60 ("The Court will also defer setting a schedule for expert discovery until closer to the end of the fact discovery period.")

### Settlement

7. There are no current settlement discussions in this case.

Dated: January 26, 2024

RESPECTFULLY SUBMITTED,


/s/ Annie Prossnitz
*Counsel for Plaintiff*

Jon Loevy
Scott Rauscher
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
prossnitz@loevy.com


/s/ Emily E. Schnidt
*Special Assistant Corporation Counsel*

Steven B. Borkan
Timothy P. Scahill
Misha Itchhaporia
Emily E. Schnidt
Borkan & Scahill, Ltd.
20 S. Clark St., Suite 1700
Chicago, IL 60603
(312) 580-1030
*Counsel for Defendants Frano, Celio, Brasic, McDermott, Folino, Conroy, Zelig & Babich*

/s/ Daniel M. Noland
*Special Assistant Corporation Counsel*

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Elizabeth A. Ekl
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
Reiter Burns LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
*Attorneys for Defendant City of Chicago*

4

## **CERTIFICATE OF SERVICE**

      I, Annie Prossnitz, an attorney, certify that on January 26, 2024, I filed the foregoing JOINT STATUS REPORT using the Court's CM/ECF system, which effected service on all counsel of record.

      /s/ Annie Prossnitz
      *One of Plaintiff's Attorneys*