UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Allen Robinson
                    Plaintiff,
v.                                          Case No.: 1:23−cv−02724
                                            Honorable Martha M. Pacold
Wayne Frano, et al.
                    Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, August 22, 2024:

    MINUTE entry before the Honorable Martha M. Pacold: Defendants have moved to dismiss Count VIII of plaintiff's complaint. [55]. The court denies the motion. Defendants offer two arguments for why the court should dismiss Count VIII. Defendants first argue that there is no standalone claim under Illinois law for willful and wanton conduct. [55] 46. This is true, but it is not grounds for dismissal for the reasons explained in Farnik v. Chicago Police Dep't, No. 14−cv−3899, 2015 WL 13878225, at *3 (N.D. Ill. July 13, 2015). Defendants next argue that Count VIII must be dismissed because plaintiff failed to allege a duty recognized by Illinois law, and that a recent case in this district dismissed a claim for willful and wanton conduct on this basis. [55] 7 (citing Fletcher v. Bogucki, No. 20−cv−04768, 2021 WL 4477968, at *8 (N.D. Ill. Sept. 30, 2021)). But the court finds Stevenson v. City of Chicago, No. 17 CV 4839, 2018 WL 1784142 (N.D. Ill. Apr. 13, 2018), to be on point. In Stevenson, the complaint alleged that defendants "had a duty to refrain from willful and wanton conduct in the exercise and discharge of their duties that consciously disregarded the safety of the general public, and especially Plaintiffs." 2018 WL 1784142, at *10. This alleged duty is analogous in all relevant respects to the alleged duty here. Interpreting the complaint liberally in the plaintiff's favor, plaintiff alleges that the named police officers had a duty to him not to willfully or wantonly harm him, that is, not to act with a deliberate intention to harm him or with a conscious disregard for his welfare. See [1] 166. This is sufficient to survive a motion to dismiss. See Stevenson, 2018 WL 1784142, at *10. Accordingly, the court denies defendants' motion to dismiss Count VIII, [55]. The telephone ruling on the partial motion to dismiss previously scheduled for 9/4/24, [80], is stricken. By 8/29/24, the parties should file a joint status report proposing next steps, including any deadline for defendants to answer the complaint with respect to Count VIII. If the parties request a further status report deadline or status hearing, they should inform the court in the 8/29/24 status report or at any time. Mailed notice. (jg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.