**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALLEN ROBINSON, | ) | |
| | ) | |
| | ) | Case No. 23 C 02724 |
| *Plaintiff,* | ) | |
| | ) | Hon. Judge Martha M. Pacold |
| v. | ) | District Judge |
| | ) | |
| WAYNE FRANO, *et al.,* | ) | Mag. Judge Heather K. McShain |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's Order (Dkt. 95), the parties submit the following joint status report:

**Progress of Discovery**

1. Since the parties' last status report in this case, Defendants have filed a motion to unseal the grand jury materials in the underlying criminal case in the Circuit Court of Cook County, which Plaintiff did not oppose. The parties participated in a hearing on the motion on February 4, 2025, which was continued to February 25 to allow time for the Cook County State's Attorney Office to provide a written response.

2. On January 21, 2025, Defendant Officers issued a subpoena to the Cook County State's Attorney's Office seeking all records related to *People v. Larry Austin, 08 CR 2207901*, and are waiting for the records to be produced. On January 24, 2025, Defendant Officers issued a subpoena to Plaintiff's appellate counsel, Thomas Brandstrader, and are awaiting a response.

**Discovery Disputes**

**Plaintiff's Position:**

    1. The parties are in the midst of litigating several discovery disputes, including (1) Defendants' motion for leave to depose more than ten witnesses, which Plaintiff responded to on February 11, and (2) Defendants' motion to compel Plaintiff to produce recorded prison calls obtained by Plaintiff's post-conviction counsel, with Plaintiff's response due on February 21.

**Defendants' Position:**

1. Since the Parties began depositions, Defendant Officers have determined the need to depose more than ten witness. On January 27, 2025, Defendant Officers filed a Motion for Leave to Depose More than Ten Witnesses. Plaintiff responded on February 11, 2025.

2. Plaintiff is withholding 901 prison calls produced by his criminal defense attorney in response to Defendant Officers' subpoena. The parties held two Rule 37.2 conferences, on November 1, 2024, and November 22, 2024, and corresponded extensively regarding this issue. On November 27, 2024, Defendant Officers requested that Plaintiff produce the calls in their entirety. On February 11, 2025, Defendant Officers filed a Motion to Compel Plaintiff to Produce Withheld Recorded Phone Calls Responsive to Defendants' Subpoena to Plaintiff's Post Conviction Counsel. On February 12, 2025, the Court entered and continued Defendant Officers' Motion to Compel. Plaintiff's response is due by February 21, 2025.

3. On September 18, 2024, Plaintiff produced a privilege log regarding Plaintiff's IDOC medical records in response to Defendant Officers' subpoena. On October 15, 2024, the parties held a Rule 37.2 conference to discuss this issue. On October 22, 2024, Plaintiff

indicated that the parties had reached an impasse. On February 13, 2025, Defendant Officers sent correspondence to Plaintiff to schedule an additional Rule 37.2.

### Oral and Written Discovery

1. The parties have completed the following depositions since the last status report:

   a. Jamion Winters

   b. LaTanya Fleming

2. The parties have scheduled the following depositions:

   a. February 20: Quinton Davis

   b. February 26: Lamarius Robinson

   c. March 5: Officer Folino

   d. March 7: Oscar Russell

   e. March 12: Officer Frano

   f. March 13: Officer Celio

   g. March 14: Patrick Conroy

   h. March 20: Andy Dalkin

   i. March 24: Melissa Meana

   j. March 26: Timothy Carter

   k. March 28: Timothy McDermott

The Parties are in discussions regarding the rescheduling of Plaintiff's deposition due to a conflict with the officers' availability for their depositions.

3. Plaintiff and the City are continuing to confer regarding bifurcation of plaintiff's *Monell* claim.

**Progress of Settlement**

4. There are no current settlement discussions in this case.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| /s/ Annie Prossnitz<br>*Counsel for Plaintiff* | /s/ Andrea F. Checkai<br>*Special Assistant Corporation Counsel* |
| Jon Loevy<br>Scott Rauscher<br>Annie Prossnitz<br>LOEVY & LOEVY<br>311 N. Aberdeen<br>Chicago, Illinois 60607<br>(312) 243-5900<br>prossnitz@loevy.com | Steven B. Borkan<br>Timothy P. Scahill<br>Misha Itchhaporia<br>Emily E. Schnidt<br>Drew Wycoff<br>Andrea F. Checkai<br>Borkan & Scahill, Ltd.<br>20 S. Clark St., Suite 1700<br>Chicago, IL 60603<br>(312) 580-1030<br>*Counsel for Defendants Frano, Celio, Brasic, McDermott, Folino, Conroy, Zelig & Babich* |
| | /s/ Daniel J. Burns<br>*Special Assistant Corporation Counsel*<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Elizabeth A. Ekl<br>Katherine C. Morrison<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>*Attorneys for Defendant City of Chicago* |

## **CERTIFICATE OF SERVICE**

      I, Annie Prossnitz, an attorney, certify that on February 14, 2025, I filed the foregoing JOINT STATUS REPORT using the Court's CM/ECF system, which effected service on all counsel of record.

                                                /s/ Annie Prossnitz
                                                *One of Plaintiff's Attorneys*