| File# | MI# 617681.001 | Claim# 10660 |

AO 88B (Rev.2/14) Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN District of ILLINOIS
## EASTERN Division

Allen Robinson
Plaintiff
Vs.
Wayne Frano, et al.
Defendant

Civil Action No: <u>2023 CV 02724</u>

**IMPORTANT**
NOTICE TO WITNESS
THIS SUBPOENA WILL NOT NECESSITATE YOUR PERSONAL APPEARANCE IF YOU SIGN THE ENCLOSED STATEMENT AND SUBMIT ALL YOUR ORIGINAL RECORDS BY THE DUE DATE INDICATED ON THE SUBPOENA.

FOR INFORMATION CALL 312-236-8352

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: Jodi Garvey, Patrick Blegen c/o Blegen & Associates Attn: Custodian of Records
53 West Jackson Boulevard Suite 1424, Chicago, IL 60604

__X__ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**SEE ATTACHED RIDER (The records are returnable to U.S Legal Support who will return them only to Plaintiff's Counsel, the records should NOT go to the defendants" )** regarding: **Allen D. Robinson, DOB: 10/05/1987**

Place: U.S. Legal Support, Inc.
200 W. Jackson Blvd., Suite: 600, Chicago, IL 60606

Date and time:
04/22/2024 9:00AM

_____ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry on the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.
Place:                                                Date and time:

**CERT# 9414814903511359107461**

---

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>Friday, March 22, 2024</u>

*CLERK OF COURT*

OR    /S/ Emily E. Schnidt

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendant Officers**, who issues or requests this subpoena, are: **Emily E. Schnidt, Borkan & Scahill, Ltd., 20 South Clark Street Suite 1700, Chicago, IL 60603 312-580-1030**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed R. Civ. P. 45(a)(4).

File#     MI# 617681.001     Claim# 10660

AO 88B (Rev. 06/092/14) Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises om a Civil Action (Page 2)

Civil Action No. 2023 CV 02724

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Jodi Garvey, Patrick Blegen c/o Blegen & Associates** Attn: **Custodian of Records**
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: **Jodi Garvey, Patrick Blegen c/o Blegen & Associates, 53 West Jackson Boulevard Suite 1424, Chicago, IL 60604**, on *(date)*; _____ or;

☐ I returned the subpoena unexecuted because: _____

☐ Other: I sent the subpoena to: **Jodi Garvey, Patrick Blegen c/o Blegen & Associates, 53 West Jackson Boulevard Suite 1424, Chicago, IL 60604** by certified mail.

☐ Other: I sent the subpoena to: **Jodi Garvey, Patrick Blegen c/o Blegen & Associates, 53 West Jackson Boulevard Suite 1424, Chicago, IL 60604 by first class mail.**

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____ .

My fees are $_____ for travel and $_____ for services _____, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:_____

_____
*Server's signature*

_____
*Printed name and title*

U.S. Legal Support, Inc.
200 W. Jackson Blvd., Suite: 600
Chicago, IL 60606
_____
*Server's address*

Additional information regarding attempted service, etc.

Case: 1:23-cv-02724 Document #: 109-1 Filed: 02/24/25 Page 3 of 7 PageID #:863

AO 88B (Rev. 2/14) Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Jodi Garvey
Patrick Blegen
c/o Blegen & Associates
53 W. Jackson Blvd., Suite 1424
Chicago, IL 60604
(312) 957-0100

# RIDER
## I. Definitions and Instructions

1.  This subpoena, rider, and all of the definitions and instructions that follow relate to the above-captioned lawsuit, *Allen Robinson v. The City of Chicago, et al.*, 23 CV 2724, currently pending in the United States District Court for the Northern District of Illinois, Eastern Division.

2.  "You" and "your" shall refer to the Cook County State's Attorney's office, as well as any counsel, consultants, employees, representatives, agents, contractors, any organization through which you do business, or any other person acting on your behalf.

3.  "Illinois" refers to the State of Illinois, as well as its counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

4.  "Relate," "relating to," "related," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

5.  "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neutral pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by change.

6.  The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure, stored either electronically or in physical form, including but not limited to any handwritten and typed, photographed, computerized, audio, video, or other graphical material, and/or communications or correspondence of any kind, regardless of how it is printed, stored, or reproduced, in your possession and/or control or known by you to exist. Any Document with any marks or notations, including but not limited to, initials, routing instructions, date stamps, and any comments, markings, or notation of any character, is to be considered a separate document.

7.  If there are no documents in your possession, custody or control which are responsive to a particular request, so state and identify for which request you claim there are no documents.

8.  Any request for a document is also a request to produce all iterations of that document, including all earlier and later versions of that document.

9.  In the event any document requested has been lost or destroyed, please identify the document destroyed or lost, its contents, the approximate date of destruction or loss, the identity of

the persons who last observed the document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

10. If any document is withheld on the claim of privilege, a demand is made herein to provide a privilege log describing the document withheld, the basis of the privilege, the date of the document, the author of the document, the recipient of the document, and all other required information per the Federal Rules of Civil Procedure.

## II. Documents to be Produced

1. Any and all documents in your possession, custody, and/or control that comprise, constitute, refer, or relate to your file(s) for the investigation, prosecution, and dismissal of the case against Allen D. Robinson, DOB 10/05/1987 in *People v. Robinson*, 09 CR 06422 in the Circuit Court of Cook County, Illinois. This includes any documents created before or after the date of conviction to present.

2. Any and all documents in your possession, custody, and/or control that comprise, constitute, refer, or relate to your file(s) for the investigation, prosecution, and dismissal of the case against Allen D. Robinson, DOB 10/05/1987 in *People v. Robinson*, 09110452801 and/or 09 MC1 104528 in the Municipal Circuit Court of Cook County, Illinois. This includes any documents created before or after the date of conviction to present.

3. Any and all documents in your possession, custody, and control that comprise, constitute, refer, or relate to your file(s) related to any post-conviction relief sought Allen D. Robinson in *People v. Robinson*, 09 CR 06422 in the Circuit Court of Cook County, Illinois. This includes but is not limited to any post-conviction proceeding or document of any kind related to Allen D. Robinson, including but not limited to any appeal(s), habeas proceeding(s), clemency proceeding(s), petition(s) relating to any Certificate of Innocence, petition(s) for DNA testing, and any other proceeding related in any way to Allen D. Robinson.

| File #: | MI #: 617681 | Claim #: 10660 |
|---|---|---|

Allen Robinson )
        Plaintiff )
vs. )
                                    )     Case No. <u>2023 CV 02724</u>
Wayne Frano, et al. )
        Defendant(s) )

## NOTICE OF INTENT TO SERVE SUBPOENA

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. of Civ. Pro. 45, Defendant Defendant Officers intends to serve a subpoena in the form attached hereto on **Jodi Garvey, Patrick Blegen c/o Blegen & Associates**, the entity in possession of records pertaining to Plaintiff Allen D. Robinson on **March 22, 2024** or as soon thereafter as service may be effected.

DATED: March 22, 2024                    Respectfully submitted,

                                                                   By: /S/ Emily E. Schnidt
                                                                       Emily E. Schnidt
                                                                       Borkan & Scahill, Ltd.
                                                                       20 South Clark Street Suite 1700
                                                                       Chicago, IL 60603
                                                                       Phone #: 312-580-1030
                                                                       Fax #: 312-263-0128
                                                                       *Attorney for Defendant*
                                                                       *Defendant Officers*

## SERVICE LIST
*Robinson v. Frano, et al*

**Attorneys for Plaintiff, Allen Robinson:**
Annie Prossnitz, Jon Loevy, Scott Rauscher
Loevy & Loevy, 311 N. Aberdeen St., 3rd Floor, Chicago, IL 60607
(312) 243-5900
prossnitz@loevy.com; jon@loevy.com; scott@loevy.com; boney@loevy.com; valerie@loevy.com

**Attorneys for Defendants, David Zelig, Carl Brasic, Timothy McDermott, Wayne Frano, Vincent Celio, John Folino, Jr., Peter Babich, Patrick Conroy:**
Steven B. Borkan, Timothy P. Scahill, Misha Itchhaporia, Emily E. Schnidt
Christiane E. Murray, Kathryn Boyle
Borkan & Scahill, Ltd., 20 South Clark Street, Suite 1700, Chicago, IL 60603
(312) 580-1030
sborkan@borkanscahill.com; tscahill@borkanscahill.com; mitchhaporia@borkanscahill.com; eschnidt@borkanscahill.com; Cmurray@borkanscahill.com; kboyle@borkanscahill.com
elena@borkascahill.com; leah@borkanscahill.com; kellie@kmlltdlaw.com; wendy@kmlltdlaw.com;

**Attorneys for Defendant, City of Chicago:**
Daniel J. Burns, Daniel M. Noland, Dhaviella N. Harris, Elizabeth A. Ekl,
Katherine C. Morrison, Paul A. Michalik, Terrence M. Burns
Reiter Burns LLP, 31 S. Wacker Drive, Suite 5200, Chicago, IL 60606
(312) 982-0090
dburns@reiterburns.com; dnoland@reiterburns.com; dharris@reiterburns.com; eekl@reiterburns.com; kmorrison@reiterburns.com; pmichalik@reiterburns.com; tburns@reiterburns.com; mavitia@reiterburns.com; dneville@reiterburns.com