

Annie Prossnitz <prossnitz@loevy.com>

# RE: Robinson - 37.2 follow up

**Drew wycoff** <DWycoff@borkanscahill.com>  Wed, Nov 27, 2024 at 1:43 PM
To: Annie Prossnitz <prossnitz@loevy.com>
Cc: Emily Schnidt <eschnidt@borkanscahill.com>, Leah Finley <leah@borkanscahill.com>, Elena Favela <Elena@borkanscahill.com>, Kellie Voss <Kellie@kmlltdlaw.com>, Daniel Neville <dneville@burnsnoland.com>, "Daniel M. Noland" <dnoland@burnsnoland.com>, Andrea Checkai <ACheckai@borkanscahill.com>, Dhaviella Harris <dharris@burnsnoland.com>, Misha Itchhaporia <MItchhaporia@borkanscahill.com>, Elizabeth Ekl <eekl@burnsnoland.com>, "Katherine C. Morrison" <kmorrison@burnsnoland.com>, "Paul A. Michalik" <pmichalik@burnsnoland.com>, "Terrence M. Burns" <tburns@burnsnoland.com>, Maria Avitia <mavitia@burnsnoland.com>, Heather Barhorst <hbarhorst@burnsnoland.com>, Daniel Burns <dburns@burnsnoland.com>, Jon Loevy <jon@loevy.com>, Scott Rauscher <scott@loevy.com>, Lily Dunkin <dunkin@loevy.com>, Valerie Barajas <valerie@loevy.com>

Counsel,

Please see below for Defendant Officers' positions on the remaining discovery items discussed in our call last week.

Defendant Officers position on Plaintiff's request that Defendant Officers reduce our Ruled 26 witness disclosure list and that Defendant Officers answer Plaintiff's Interrogatory No. 2 for each witness disclosed under Rule 26, is first that Defendant Officers are always willing to negotiate their stance on these requests after further discovery has occurred and in particular, after the parties begin deposing the key witnesses in this case. That being said, in our view, these requests are premature and misplaced as measures purposed towards limiting the scope of oral discovery. At this time, Defendant Officers view their witness disclosures as compliant with Rule 26. Further, to the extent that Plaintiff believes his Interrogatory No. 2 permits him the ability to pose a single interrogatory to, and a more fulsome summary of, the facts known to 148 witnesses properly disclosed under Rule 26, Defendant Officers disagree.

As to Plaintiff's request that Defendant Officers agree not to depose their previously deposed 404(b) witnesses as a condition that will trigger Plaintiff actually narrowing their 404(b) witness list, Defendant Officers are potentially willing to negotiate on this issue after Plaintiff narrows his list, but are not willing to agree to this as a condition to Plaintiff doing so. Is Plaintiff willing to preliminarily reduce his list to 15 absent our agreeing to this condition? In our view, this would both demonstrate good faith in negotiating this issue and constitute an important first step in Defendant Officers' assessment of how much oral discovery needs to occur to conduct our clients' defense. Plaintiff also previously agreed to narrow his list in our 37.2 call on 11/1.

Finally, thank you for clarifying the bates issue in Plaintiff's previous emails with respect to the prison calls. At this point, Defendant Officers view is that Plaintiff has no standing to object to producing these calls based on the burden and proportional necessity of Plaintiff actually reviewing the calls. Blegen, the subpoena respondent, had standing to object to producing the calls on these bases. Nevertheless, Blegen deemed the calls to be responsive to our subpoena and produced them without objection. Defendant Officers formally request that Plaintiff produce all 901 calls. If Plaintiff refuses, Defendant Officers will move the Court to compel Plaintiff to do so. Please advise Defendant Officers on how Plaintiff would like to proceed.

Thank you,

*Drew Wycoff*

*Borkan & Scahill, Ltd.*

Two First National Plaza

*20 South Clark Street*

*Suite 1700*

*Chicago, Illinois 60603*

*Tel: 312-447-6292*

*dwycoff@borkanscahill.com*

NOTICE: This communication may contain privileged and/or confidential information.  It is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any review, use, disclosure, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the material received from all devices. Your receipt of this message is not intended to waive any applicable privilege. Thank you for your cooperation.

*Drew Wycoff*

*Borkan & Scahill, Ltd.*

*Two First National Plaza*

*20 South Clark Street*

*Suite 1700*

*Chicago, Illinois 60603*

*Tel: 312-447-6292*

*dwycoff@borkanscahill.com*

NOTICE: This communication may contain privileged and/or confidential information.  It is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any review, use, disclosure, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the material received from all devices. Your receipt of this message is not intended to waive any applicable privilege. Thank you for your cooperation

---

**From:** Annie Prossnitz <prossnitz@loevy.com>
**Sent:** Tuesday, November 26, 2024 4:01 PM
**To:** Drew wycoff <DWycoff@borkanscahill.com>
**Cc:** Emily Schnidt <eschnidt@borkanscahill.com>; Leah Finley <leah@borkanscahill.com>; Elena Favela <Elena@borkanscahill.com>; Kellie Voss <Kellie@kmlltdlaw.com>; Daniel Neville <dneville@burnsnoland.com>; Daniel M. Noland <dnoland@burnsnoland.com>; Andrea Checkai <ACheckai@borkanscahill.com>; Dhaviella Harris <dharris@burnsnoland.com>; Misha Itchhaporia <MItchhaporia@borkanscahill.com>; Elizabeth Ekl <eekl@burnsnoland.com>; Katherine C. Morrison <kmorrison@burnsnoland.com>; Paul A. Michalik <pmichalik@burnsnoland.com>; Terrence M. Burns <tburns@burnsnoland.com>; Maria Avitia <mavitia@burnsnoland.com>; Heather Barhorst <hbarhorst@burnsnoland.com>; Daniel Burns <dburns@burnsnoland.com>; Jon Loevy <jon@loevy.com>; Scott Rauscher <scott@loevy.com>; Lily Dunkin <dunkin@loevy.com>; Valerie Barajas <valerie@loevy.com>
**Subject:** Re: Robinson - Deceased witnesses & 37.2 follow up

Counsel,

To clarify the second point, Plaintiff's position, as stated during the conference, is that both parties need to be working from a reasonable list of Rule 26(a)(1) witnesses before determining who needs to be deposed. On Plaintiff's end, we have conferred internally on how to best reduce our list and are ready to reduce our 404(b) witness list to ten witnesses, if Defendants agree that they will not seek to redepose those witnesses. We have reached this agreement, with up to 20 witnesses, in several recent cases between our firms.

Regarding the phone calls, I inadvertently provided incorrect Bates numbers. The records of Quinton Davis's phone calls are located at Blegen SDT Resp 137-151, not Blegen SDT Resp 86-88, which are not phone call logs. I have confirmed that all of the phone call records/logs received from the Blegen & Garvey production have been produced to Defendants.

We look forward to receiving Defendants' position on the fact discovery extension, our respective 26(a)(1) disclosures, and Defendants' position on updating Interrogatory No. 2.

Thank you,

Annie

On Fri, Nov 22, 2024 at 3:34 PM Drew wycoff <DWycoff@borkanscahill.com> wrote:

> Counsel,
>
> Please see below for follow-up correspondence from the parties' 37.2 call yesterday:
>
> 1. Plaintiff agreed to a three-month extension to fact discovery, but not four. Defendants sought a six-month extension and will discuss Plaintiff's agreement to a 3-month extension internally. The parties will thus either move on fully agreed motion or partially agreed motion to extend fact discovery. In the event the motion is only partially agreed, Plaintiff will seek a two-month extension. Defendants will discuss this internally and respond to Plaintiff.
>
> 2. Plaintiff will not amend his 26(a)(1) disclosures (as he previously agreed to do by 11/8/24) because doing so would only reduce the amount of 404(b) witnesses he has disclosed and, though Plaintiff is open to reducing his 404(b) disclosures to ten witnesses, he only agrees to do so subject to the condition that Defendant Officers do not re-depose those ten witnesses that have previously testified to facts related to their potential 404(b) testimony in this case. Plaintiff also again represented that he would like to limit depositions to potentially 30 total: 15 for Plaintiff and 15 for Defendant Officers and City.
>
>     a. Defendant Officers will discuss these matters internally, as well as Plaintiff's request that Defendant Officers reduce their 26(a)(1) witness disclosures and answer Plaintiff's Interrogatory #2 and provide formal responses to Plaintiff.
>
> 3. Plaintiff's counsel represented that none of Plaintiff's attorneys have listened to any of the 901 prison calls responsive to the Blegen Subpoena that Plaintiff is withholding from producing to Defendants. Plaintiff's counsel also spoke with his post-conviction counsel who represented they had only listened to a few of the calls. Plaintiff's objections to reviewing these calls are based on burden and proportionality.
>
>     a. Defendant Officers represented to Plaintiff that the bates range provided in Plaintiff's previous correspondence detailing the location of Quinton Davis's call logs are located within a range of documents which Plaintiff is withholding and so Defendant Officers cannot review those logs to see if there is a compromise the parties can achieve to produce some amount of calls. Plaintiff's counsel represented that she would verify whether the bates range provided to Defendants relating to Quinton Davis's calls was correct, that she will check that Plaintiff disclosed all the call logs they received with the

Blegen records, and will further verify that all non-withheld files responsive to the Blegen Subpoena have been produced to Defendants. Plaintiff's counsel also represented that it is her assumption that the call logs produced by Plaintiff's PC counsel detail all the calls within Plaintiff's possession being withheld from Defendants.

Thanks,

*Drew Wycoff*

*Borkan & Scahill, Ltd.*

*Two First National Plaza*

*20 South Clark Street*

*Suite 1700*

*Chicago, Illinois 60603*

*Tel: 312-447-6292*

dwycoff@borkanscahill.com

NOTICE: This communication may contain privileged and/or confidential information.  It is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any review, use, disclosure, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the material received from all devices. Your receipt of this message is not intended to waive any applicable privilege. Thank you for your cooperation

---

**From:** Drew wycoff <DWycoff@borkanscahill.com>
**Sent:** Monday, November 18, 2024 12:27 PM
**To:** Annie Prossnitz <prossnitz@loevy.com>
**Cc:** Emily Schnidt <eschnidt@borkanscahill.com>; Leah Finley <leah@borkanscahill.com>; Elena Favela <Elena@borkanscahill.com>; Kellie Voss <Kellie@kmlltdlaw.com>; Daniel Neville <dneville@burnsnoland.com>; Daniel M. Noland <dnoland@burnsnoland.com>; Andrea Checkai <ACheckai@borkanscahill.com>; Dhaviella Harris <dharris@burnsnoland.com>; Misha Itchhaporia <MItchhaporia@borkanscahill.com>; Elizabeth Ekl <eekl@burnsnoland.com>; Katherine C. Morrison <kmorrison@burnsnoland.com>; Paul A. Michalik <pmichalik@burnsnoland.com>; Terrence M. Burns <tburns@burnsnoland.com>; Maria Avitia <mavitia@burnsnoland.com>; Heather Barhorst <hbarhorst@burnsnoland.com>; Daniel Burns <dburns@burnsnoland.com>; Jon Loevy <jon@loevy.com>; Scott Rauscher <scott@loevy.com>; Lily Dunkin <dunkin@loevy.com>; Valerie Barajas <valerie@loevy.com>
**Subject:** RE: Robinson - Deceased witnesses & 37.2 follow up

Counsel,

Please see below for further discovery correspondence:

1. Given the numerous outstanding discovery disputes, Defendant Officers view a two-month extension to fact discovery as insufficient. How about six-months (i.e., to 6/30/2025)?

2. In our 11/1/24 Rule 37.2 conference, the parties discussed Plaintiff's earlier position that oral discovery should be limited to 10 depositions per side, including parties. Part of this discussion concerned Plaintiff's disclosure of thirty 404(b) witnesses. The parties reached an impasse on these matters but as part of our continuing attempts to reach a compromise, Plaintiff agreed to amend his 26(a)(1) disclosures by 11/8/2024 with respect to reducing the amount of 404(b) witnesses down from the 30 so witnesses he has currently disclosed. This has not been done. As was memorialized in our follow-up correspondence (attached), we indicated that Plaintiff's narrowing of his 404b witnesses would help inform Defendant Officers' opinion on potentially reaching a compromise with Plaintiff as to how many depositions each side could take. Are you available 11/19 (before noon); 11/20; and 11/21 (after noon) to discuss these topics further, as well as Plaintiff's request that Defendant Officers amend their 26(a)(1) disclosures or answer Plaintiff's Interrogatory No. 2 with respect to each witness named therein? Please advise. Also, please supplement Plaintiff's 26(a)(1) disclosures in accordance with Plaintiff's agreement to do so on 11/1/24.

3. On 11/1, you also indicated that it was your understanding that 901 prison call recordings responsive to Defendant Officers' subpoena to Blegen & Associates were Oscar Russell's, Quinton Davis's, and Plaintiff's. Please clarify: at this point, are you confirming that none of those calls are Plaintiff's?

4. Please indicate when Plaintiff will the records previously withheld from Defendant Officers from the Blegen subpoena which Plaintiff promised to produce last week.

5. We have reviewed the dates you provided for third-party depositions. Is Plaintiff still open on 12/2 and/or 12/6? If so, we can begin noticing depositions for those dates. In addition, how about December 16, 18, and 20 as other potential dates for these depositions?

Please advise,

*Drew Wycoff*

*Borkan & Scahill, Ltd.*

*Two First National Plaza*

20 South Clark Street

Suite 1700

Chicago, Illinois 60603

Tel: 312-447-6292

dwycoff@borkanscahill.com

NOTICE: This communication may contain privileged and/or confidential information. It is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any review, use, disclosure, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the material received from all devices. Your receipt of this message is not intended to waive any applicable privilege. Thank you for your cooperation

**From:** Annie Prossnitz <prossnitz@loevy.com>
**Sent:** Thursday, November 14, 2024 11:15 AM
**To:** Drew wycoff <DWycoff@borkanscahill.com>
**Cc:** Emily Schnidt <eschnidt@borkanscahill.com>; Leah Finley <leah@borkanscahill.com>; Elena Favela <Elena@borkanscahill.com>; Kellie Voss <Kellie@kmlltdlaw.com>; Daniel Neville <dneville@burnsnoland.com>; Daniel M. Noland <dnoland@burnsnoland.com>; Andrea Checkai <ACheckai@borkanscahill.com>; Dhaviella Harris <dharris@burnsnoland.com>; Misha Itchhaporia <MItchhaporia@borkanscahill.com>; Elizabeth Ekl <eekl@burnsnoland.com>; Katherine C. Morrison <kmorrison@burnsnoland.com>; Paul A. Michalik <pmichalik@burnsnoland.com>; Terrence M. Burns <tburns@burnsnoland.com>; Maria Avitia <mavitia@burnsnoland.com>; Heather Barhorst <hbarhorst@burnsnoland.com>; Daniel Burns <dburns@burnsnoland.com>; Jon Loevy <jon@loevy.com>; Scott Rauscher <scott@loevy.com>; Lily Dunkin <dunkin@loevy.com>; Valerie Barajas <valerie@loevy.com>
**Subject:** Re: Robinson - Deceased witnesses & 37.2 follow up

Drew,

We would agree to an extension of 60 days. Let us know if Defendants would agree to that timeframe.

Thanks,
Annie

On Thu, Nov 14, 2024 at 10:13 AM Drew wycoff <DWycoff@borkanscahill.com> wrote:

> Counsel,
>
> We'll confer internally on the dates you've proposed and get back to you by early next week at the latest.
>
> Additionally, after reviewing your letter, it is clear to Defendants that an extension to the discovery deadline is required. Is Plaintiff willing to sign on to an agreed motion to extend fact discovery?
>
> Please advise,
>
> *Drew Wycoff*
>
> *Borkan & Scahill, Ltd.*
>
> *Two First National Plaza*
>
> 20 South Clark Street
>
> Suite 1700
>
> Chicago, Illinois 60603
>
> *Tel: 312-447-6292*
>
> dwycoff@borkanscahill.com

NOTICE: This communication may contain privileged and/or confidential information. It is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any review, use, disclosure, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the material received from all devices. Your receipt of this message is not intended to waive any applicable privilege. Thank you for your cooperation

---

**From:** Annie Prossnitz <prossnitz@loevy.com>
**Sent:** Wednesday, November 13, 2024 3:56 PM
**To:** Drew wycoff <DWycoff@borkanscahill.com>
**Cc:** Emily Schnidt <eschnidt@borkanscahill.com>; Leah Finley <leah@borkanscahill.com>; Elena Favela <Elena@borkanscahill.com>; Kellie Voss <Kellie@kmlltdlaw.com>; Daniel Neville <dneville@burnsnoland.com>; Daniel M. Noland <dnoland@burnsnoland.com>; Andrea Checkai <ACheckai@borkanscahill.com>; Dhaviella Harris <dharris@burnsnoland.com>; Misha Itchhaporia <MItchhaporia@borkanscahill.com>; Elizabeth Ekl <eekl@burnsnoland.com>; Katherine C. Morrison <kmorrison@burnsnoland.com>; Paul A. Michalik <pmichalik@burnsnoland.com>; Terrence M. Burns <tburns@burnsnoland.com>; Maria Avitia <mavitia@burnsnoland.com>; Heather Barhorst <hbarhorst@burnsnoland.com>; Daniel Burns <dburns@burnsnoland.com>; Jon Loevy <jon@loevy.com>; Scott Rauscher <scott@loevy.com>; Lily Dunkin <dunkin@loevy.com>; Valerie Barajas <valerie@loevy.com>
**Subject:** Re: Robinson - Deceased witnesses & 37.2 follow up

Counsel,

Please disregard the correspondence attached above and find the correct version attached here.

Thank you,

Annie

On Wed, Nov 13, 2024 at 3:30 PM Annie Prossnitz <prossnitz@loevy.com> wrote:

> Counsel,
>
> Thank you for that confirmation. We are available the following dates for these depositions:
>
> - December 2
> - December 4
> - December 6
> - December 13
> - December 17, with a preference for Mr. Winters's deposition on this day
>
> As for the remaining matters, first, please find attached Plaintiff's response and request regarding the parties' 26(a)(1) disclosures.
>
> With respect to the privilege log entries, Plaintiff will produce all of the entries highlighted by Friday, 11/15, with the exception of Blegen SDT Sub Resp 1423, 1839-1480, all of which are attorney-client call requests for two of Ms. Blegen's other clients that were inadvertently produced to us, and Blegen SDT Sub Resp 1842-1844, which is a letter from Plaintiff to Ms. Blegen, his attorney.

For the phone calls, according to the subpoenas and PAN list that were produced as part of the Blegen/Garvey documents, the IDOC recordings are Oscar Russell's phone calls between 9/2013 and 6/2014 (Blegen SDT Sub Resp 312-316) and Quinton Davis's phone calls between 8/5/2009 – 7/29/2011 (Blegen SDT Sub Resp 86-88). Because we have not listened to these calls, we are unable to provide a further breakdown of the categories of calls. However, given the volume of calls, the fact that they are recordings of third parties, the lack of proportionality, and their lack of relevance to the claims and defenses at issue here, Plaintiff will not agree to produce them. As discussed, please let us know if you have identified individuals on Plaintiff's PAN list whose calls you are seeking so we can determine if we're able to reach a compromise.

Thank you,

Annie

On Wed, Nov 13, 2024 at 10:03 AM Drew wycoff <DWycoff@borkanscahill.com> wrote:

> Good morning, counsel
>
> Following up on our previous 37.2 conference and correspondence:
>
> Per your email yesterday, I can confirm that the Antonio White referenced by Oscar Russell as it pertains to this case appears to be deceased. Please provide Plaintiff's early to mid-December availability for the following remaining third-party witnesses:
>
>   1. Jamion Winters (incarcerated);
>   2. Johntay Washington;
>   3. Ozell Jackson; and
>   4. Shannon James.
>
> Please advise as to when Defendants can expect updates from Plaintiff with respect to the IDOC calls, 26(a)(1)s and privilege log.
>
> Thanks,
>
> *Drew Wycoff*
>
> *Borkan & Scahill, Ltd.*
>
> *Two First National Plaza*
>
> *20 South Clark Street*
>
> *Suite 1700*
>
> *Chicago, Illinois 60603*
>
> *Tel: 312-447-6292*
>
> dwycoff@borkanscahill.com
>
> NOTICE: This communication may contain privileged and/or confidential information. It is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any review, use, disclosure, dissemination, or copying of this communication is strictly

prohibited. If you have received this communication in error, please notify the sender and delete the material received from all devices. Your receipt of this message is not intended to waive any applicable privilege. Thank you for your cooperation

Drew Wycoff

Borkan & Scahill, Ltd.

Two First National Plaza

20 South Clark Street

Suite 1700

Chicago, Illinois 60603

Tel: 312-447-6292

dwycoff@borkanscahill.com

NOTICE: This communication may contain privileged and/or confidential information.  It is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any review, use, disclosure, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender and delete the material received from all devices. Your receipt of this message is not intended to waive any applicable privilege. Thank you for your cooperation

**From:** Annie Prossnitz <prossnitz@loevy.com>
**Sent:** Tuesday, November 12, 2024 8:44 AM
**To:** Drew wycoff <DWycoff@borkanscahill.com>; Emily Schnidt <eschnidt@borkanscahill.com>; Leah Finley <leah@borkanscahill.com>; Elena Favela <Elena@borkanscahill.com>; Kellie Voss <Kellie@kmlltdlaw.com>; Daniel Neville <dneville@burnsnoland.com>; Daniel M. Noland <dnoland@burnsnoland.com>; Andrea Checkai <ACheckai@borkanscahill.com>; Dhaviella Harris <dharris@burnsnoland.com>; Misha Itchhaporia <MItchhaporia@borkanscahill.com>; Elizabeth Ekl <eekl@burnsnoland.com>; Katherine C. Morrison <kmorrison@burnsnoland.com>; Paul A. Michalik <pmichalik@burnsnoland.com>; Terrence M. Burns <tburns@burnsnoland.com>; Maria Avitia <mavitia@burnsnoland.com>; Heather Barhorst <hbarhorst@burnsnoland.com>; Daniel Burns <dburns@burnsnoland.com>
**Cc:** Jon Loevy <jon@loevy.com>; Scott Rauscher <scott@loevy.com>; Lily Dunkin <dunkin@loevy.com>; Valerie Barajas <valerie@loevy.com>
**Subject:** Robinson - Deceased witnesses

Counsel,

Following up on last week's meet and confer, please find a newspaper article confirming Deandre Guyton's death:

https://chicago.suntimes.com/crime/2024/10/12/man-fatally-shot-humboldt-park-springfield-avenue

Additionally, I have been informed that Antonio White is also deceased. Can you please confirm that the Antonio White you've located at Cook County Jail is the correct individual?

I will follow up later today regarding the 26(a)(1) disclosures, telephone calls, and privilege log inquiry.

Thank you,

Annie


--

**Annie Prossnitz** (she/her/hers)

Direct: (708) 203-0997
311 N Aberdeen St, Chicago, IL 60607
prossnitz@loevy.com
**www.loevy.com**