IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,  )
                                            )
          Respondent,     )
                                            )
v.                                     )   No. 09 CR 6422
                                          )   Judge Mary M. Brosnahan
ALLEN ROBINSON,              )
                                          )
          Petitioner.       )

FILED JAN 11 2018 DOROTHY BROWN CLERK OF CIRCUIT COURT — JUDGE MARGARET BROSNAHAN-1811

## SUPPLEMENT TO PETITION FOR POST-CONVICTION RELIEF

Petitioner, ALLEN ROBINSON, by and through his attorneys, BLEGEN & GARVEY, pursuant to 725 ILCS 5/122-2.1, as well as the Due Process, Equal Protection, and Effective Assistance of Counsel provisions of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and Article One, Sections Two and Eight of the Constitution of the State of Illinois, respectfully submits the following Supplement to his previously filed Petition for Post-Conviction Relief.

    VI.    DNA Analysis of the Confession Letter Alleged to Have Been Authored by Lamarius Robinson Confirmed Its Authenticity.

Since the filing of the petition on June 24, 2014, the State's Attorney's Office Conviction Integrity Unit obtained the letter and envelope related to Lamarius Robinson's confession. The letter and envelope were submitted for DNA analysis to the Illinois State Police Forensic Science Center. A cutting from the letter contained a mixture of DNA profiles which was incomplete and unsuitable for comparison. The envelope, however, contained DNA suitable for comparison, and was determined to be associated with the DNA profile of Lamarius Robinson. A copy of

the Illinois State Police Laboratory Report reflecting the results of the DNA analysis is attached hereto as Exhibit N.

To the extent trial counsel could have but failed to request that the letter and envelope be submitted for DNA analysis prior to trial, counsel was ineffective. The results of the DNA analysis certainly bolster the circumstantial evidence that Lamarius was in fact the author of the confession letter despite his refusal to testify. *See, People v. Faircloth*, 234 Ill.App.3d 386, 392, 599 N.E.2d 1356 (3rd Dist. 1992).

On the other hand, if counsel cannot be faulted for failing to seek DNA analysis of the letter and envelope, the results constitute additional evidence of Petitioner's actual innocence. The DNA analysis confirms that the confession letter was authored by Lamarius Robinson. The due process clause of the Illinois Constitution permits a post-conviction petitioner to assert a freestanding claim of actual innocence based on newly discovered evidence. *People v. Morgan*, 212 Ill.2d 148, 154 (2009). The newly discovered evidence on which such a claim is based must be "evidence that was not available" at Petitioner's original trial, and that Petitioner "could not have discovered sooner through diligence." *Id.* The evidence must also be material, noncumulative, and "of such conclusive character that it would probably change the result on retrial." *Id.*

The results of the DNA analysis would probably change the result on retrial. Here, the jury never got to even hear that another person had confessed in writing to the offense. Had the jury heard that evidence coupled with the fact that DNA

2

confirms the author of the letter, there is little doubt that Petitioner would be again convicted of the offense. Petitioner is entitled to a new trial at which he can present the letter and the accompanying DNA results.

> VII. A *Brady* Violation Occurred Where Police Officers Failed to Disclose the Contents of Interviews of Purported Witnesses.

During Oscar Russell's interview by police, in his handwritten statement, and again in his grand jury testimony, he claimed that "Tay", "Ozell", "Big Shorty", and "Feb" were present and witnessed the shooting of Hanford.[1] According to a General Progress Report dated December 5, 2008, a copy of which is attached hereto as Exhibit O, Jamion Winters, a.k.a. Big Shorty, February Burage, a.k.a. Feb, Johntay Washington, a.k.a. Tay, were all taken to the police station, placed in separate interview rooms, and subsequently released at 5:00 p.m. No further report of what occurred in those interviews was reported by police.

Counsel has spoken with Winters, Burage and Washington, and all have attested that when they were taken to the station at Grand and Central they each told the police officers that they were not present at the time of the shooting, and did not witness the shooting. Copies of their affidavits were previously submitted with the original petition as Exhibits F, L and M.

To establish a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), a petitioner must demonstrate: (1) that "the evidence at issue is 'favorable to the

---

[1] Russell has subsequently recanted his trial testimony in a signed affidavit attached to the original petition as Exhibit K.

3

accused, either because it is exculpatory, or because it is impeaching'"; (2) "that the State suppressed the evidence, 'either willfully or inadvertently'"; and, (3) that prejudice ensued. *Skinner v. Switzer*, 131 S.Ct. 1289, 1300 (2011), *quoting*, *Strickler v. Greene*, 527 U.S. 263, 282-283 (1999). In order to demonstrate that prejudice resulted from the withholding of the evidence, the evidence must be material to guilt or sentencing considerations. *Strickler*, 527 U.S. at 282. Evidence is material, for purposes of *Brady*, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). This does not require a showing that the disclosure of the withheld evidence would have resulted in acquittal, but rather, that the suppression "undermines confidence in the outcome of the trial" such that "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *People v. Coleman*, 183 Ill. 2d 366, 393, 701 N.E.2d 1063, 1077 (1988), *quoting*, *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

A. The State Suppressed Exculpatory Evidence

It may well be that the State's Attorney's Office was not notified of the results of the interviews of Winters, Burage and Washington. Nevertheless, the *Brady* disclosure requirement "encompasses all evidence known to police investigators but not to the prosecutor." *People v. Beaman*, 229 Ill. 2d 56, 73, 890 N.E. 2d 500, 510 (2008), *citing Kyles v. Whitley*, 514 U.S. 419, 437 (2008). The failure to disclose the information is therefore conduct attributable to the State.

4

Furthermore, the State filed an answer to discovery on August 4, 2010. In that answer, the State listed Winters, Burage and Washington as potential State's witnesses. In that same answer, the State represented that it was "unaware of any evidence or witnesses which may be favorable to the defense in this cause." A copy of the State's Answer is attached hereto as Exhibit P. Based on the State's answer, defense counsel may well have been discouraged from interviewing the three purported witnesses identified by Russell after drawing the inference that they made statements detrimental to the defense.

B.   Prejudice

Petitioner can also demonstrate prejudice resulting from the failure to disclose the substance of the interviews, as this was material to Petitioner's case. As explained above, evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Bagley*, 473 U.S. at 682.

At trial, Russell was the only witness who maintained his claim that he witnessed the shooting of Hanford, and Petitioner was the offender.[2] The existence of evidence substantially impeaching Russell's account, but which was never disclosed to the defense, is the very definition of material evidence that would likely have affected the outcome of the trial.

---

[2] The State's other "eyewitness" Deandre Guyton, recanted his claim of witnessing the shooting at trial, and denied being present when Hanford was shot.

5

The United States Supreme Court has explained, in the context of a *Brady* violation, that:

> "Without doubt, defense counsel develops his trial strategy based on the available evidence. A missing piece of information may well preclude the attorney from pursuing a strategy that potentially would be effective. His client might consequently be convicted even though nondisclosed information might have offered an additional or alternative defense, if not pure exculpation."

*United States v. Bagley*, 473 U.S. 667, 707 (1985).

Trial counsel was undoubtedly hampered in his defense of Petitioner without the knowledge that the witnesses who Russell claimed were present had informed police that Russell's account was false. Coupled with the State's representation that these same individuals would be witnesses for the State, and the State had no favorable evidence or witnesses, the only conclusion trial counsel could reasonably draw was that Winters, Burage and Washington indeed corroborated Russell's account of the shooting.

Had the information been disclosed, however, counsel could have substantially impeached the only "eyewitness" to testify for the State. There is a reasonable probability that the outcome of the trial would have been different had counsel been made aware of this favorable information.

WHEREFORE, Petitioner respectfully requests this Court grant his Petition for Post-Conviction Relief, reverse his conviction, order a new trial, or grant him an evidentiary hearing to further support the allegations contained herein.

Respectfully submitted,

_____
JODI L. GARVEY, One of the
Attorneys for Petitioner.

BLEGEN & GARVEY
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

## CERTIFICATE OF SERVICE

JODI L. GARVEY, attorney at law, hereby certifies that on January 11, 2018, she served, or caused to be served, the foregoing Supplement to Petition for Post-Conviction Relief upon the Cook County State's Attorney's Office, by hand delivery.

_____
JODI L. GARVEY