IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-2724 |
| ) | |
| WAYNE FRANO, et al, ) | |
| ) | Hon. Judge Martha M. Pacold |
| Defendants. ) | |
| ) | Mag. Judge Heather K. McShain |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S CROSS MOTION FOR PROTECTIVE ORDER TO SHIELD THE PRODUCTION OF WITHHELD RECORDED PRISON CALLS RESPONSIVE TO DEFENDANT'S SUBPOENA TO PLAINTIFF'S POST-CONVICTION COUNSEL**

NOW COME Defendants, by and through their respective counsel, and in response to Plaintiff's cross-motion for a protective order, state as follows:

## ARGUMENT

**I. Plaintiff Fails To Establish The Necessity Of A Protective Order Under Rule 26**

Federal Rule of Civil Procedure 26(c) provides that "court[s] may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Plaintiff now moves for a protective order to shield the production of these phone calls on the basis that the calls, which his current counsel have not listened to, are allegedly irrelevant to the claims and defenses at issue, lack proportionality and the burden of reviewing the calls outweighs any likely benefit. Dckt. No. 109 at 1-2. Defendants will address each of these points in turn.

It is first befuddling how, to Plaintiff, it could be "unclear what information Defendants reasonably believe are contained in these calls…" Dckt. No. 109 at 6. The calls obtained by his post-conviction counsel, remain relevant for the reasons stated in Defendants' motion. Dckt. No. 101 at 4-

1

5. Therein, Defendants identified through tangible discovery evidence that Russell was having phone calls with his cousin, who was also a friend of Plaintiff's, about providing an affidavit in support of Plaintiff's post-conviction petition and his motivation for testifying against Plaintiff at Plaintiff's criminal trial. *Id.* at 4. Defendants' motion also laid out in detail that Davis's calls are also relevant because Davis previously stated that he had numerous conversations with Lamarius Robinson about Lamarius' supposed involvement in the murder of Hanford. *Id.* at 4-5. Defendants have more than met their burden on this point. *In re Watts*. 19 C 1717, 2024 WL 3470596, at *6 (N.D. Ill. July 19, 2024) (summarizing the treatment of subpoenas for prison calls by courts in this district as "where evidence already in hand is sufficient to show that certain recordings (e.g., with particular persons and/or during specific time periods) 'probably' contain relevant information and the subpoenas are narrowly tailored to seek only that subset of recordings.")[1] Defendants seek these calls in part for their specific contents, or lack thereof, rather than solely for credibility assessments of Russell and Davis. Requiring Defendants to merely depose these witnesses as Plaintiff suggests is insufficient to ascertain as whether the calls exist and what their contents comprise. Dckt. No. 109 at 6.

Plaintiff's proportionality argument also fails because Plaintiff's sole claim to the necessity of a protective order is based upon the claimed undue burden of reviewing the calls in the first place. *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, 2017 WL 5478297, *3 (N.D. Ill. 2017). As detailed in Defendants' initial motion, Plaintiff's counsel specifically assented to the subpoena on the very grounds that Plaintiff's attorneys could review the Blegen subpoena production first, and solely on the basis of attorney/client privilege. Dckt. No. 101. Plaintiff functionally now seeks a secondary relevance review – after the one conducted by Blegen – the subpoena respondent. However, Rule 26's remaining

---

[1] Plaintiff's complaint about the scope of call records at issue inexplicably conflates subpoenas to prisons and jails with subpoenas like Defendants' to Plaintiff's post-conviction counsel. Any analysis of the volume of calls at issue is a mere distraction from simple fact that the subpoenas for calls in at issue were not issued by Defendants who cannot be blamed for any "overbreadth" Plaintiff claims exists.

proportionality considerations favor Plaintiff producing these calls wholesale too. *Coleman v. City of Peoria*, No. 15 C 1100, 2016 WL 3974005, at *4 (C.D. Ill. July 22, 2016). Prison calls are also more likely to lead to discoverable information than mere call logs or the discovery already produced. *Id.*

As for the burden of reviewing the calls, Plaintiff's current counsel claims not to have reviewed any of the withheld phone recordings of Davis and Russell, and this can remain their position if they so choose. Plaintiff has not cited, nor could Defendants find any case that supports Plaintiff's position that he can withhold subpoenaed records of a third party that he possesses simply because he finds reviewing them to be burdensome. If Plaintiff were withholding other non-privileged records that were responsive to Defendant's subpoena to Plaintiff's post-conviction counsel on the basis that there were just too many records to review, such an argument would be rejected. The same logic applies here. The burden entailed in reviewing the calls does not outweigh the likely benefit of the calls in resolving issues in this litigation; therefore, Plaintiff's motion for protective order should be denied.

**II.     Plaintiff's Motion For A Protective Order Is Untimely**

Plaintiff's reliance on *In Re Watts Coordinated Pretrial Proceedings*, No. 19 C 1717, 2024 WL 3470596 (N.D. Ill. July 19, 2024) to suggest this Court inquire in "functional" rather than "formal" manner is also misplaced. This motion does not concern Defendants' subpoenas to the Illinois Department of Corrections or any other correctional facility; it concerns the subpoena response of Plaintiff's post-conviction counsel**.** This is no small distinction: the court in *In re Watts* performed its Rule 26 benefit-burden analysis under an extremely specific analytical backdrop which does not apply here because Plaintiff has no privacy interest in these calls. *Id.* at *4. ("In summary, in resolving Plaintiff's motion, the Court must determine whether the IDOC calls are relevant and if so, whether the burden of discovery of the calls (that is, *the privacy burden from the intrusion on Plaintiffs' privacy*, plus the burden entailed in reviewing all the calls) outweighs the likely benefit of the calls considering their importance (or lack thereof) in resolving issues in the litigation.") (Emphasis added). Regardless, the

3

*In Re Watts* plaintiffs filed an actual motion to quash. *Id.* at *2. Functionally, Plaintiff's claim that the parties are on the same procedural footing here is thus nothing more than an end around his lack of third-party standing to quash Defendants' subpoena. Plaintiff's objection to producing the calls thus remains deficient of Rule 45 for the reasons stated in Defendants' motion. Dckt. No. 101.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court compel Plaintiff to produce all the recorded phone calls produced responsive to the Blegen subpoena, deny Plaintiff's motion for a protective order, and for any other relief that this Court deems just and reasonable.

Respectfully submitted,

| | |
|---|---|
| Special Assistant Corporation Counsel | Special Assistant Corporation Counsel |
| By: /s/ Drew Wycoff | By: /s/ Daniel Burns |
| Steven B. Borkan | Terrence M. Burns |
| Timothy P. Scahill | Paul A. Michalik |
| Emily E. Schnidt | Daniel M. Noland |
| Misha Itchhaporia | Katherine C. Morrison |
| Drew E. Wycoff | Daniel J. Burns |
| Andrea F. Checkai | |
| BORKAN & SCAHILL, LTD. | Burns Noland LLP |
| Two First National Plaza | 311 South Wacker Dr., Suite 5200 |
| 20 South Clark Street, Suite 1700 | Chicago, IL 60606 |
| Chicago, Illinois 60603 | (312) 982-0090 (telephone) |
| (312) 580-1030 | (312) 429-0644 (facsimile) |
| *Attorneys for Wayne Frano, Vincent Celio, Carl Brasic, Timothy McDermott, John Folino, Jr., Patrick Conroy, David Zelig, Peter Babich* | *Attorneys for Defendant City of Chicago* |