IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-CV-2724 |
| | ) | |
| v. | ) | Hon. Judge Martha M. Pacold |
| | ) | District Judge |
| WAYNE FRANO, VINCENT CELIO, CARL BRASIC, TIMOTHY MCDERMOTT, JOHN FOLINO, JR., PATRICK CONROY, DAVID ZELIG, PETER BABICH, and the CITY OF CHICAGO, | ) ) ) ) ) ) | Mag. Judge Heather K. McShain |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO EXTEND FACT DISCOVERY**

NOW COME Defendants, WAYNE FRANO, VINCENT CELIO, CARL BRASIC, TIMOTHY MCDERMOTT, JOHN FOLINO, JR., PATRICK CONROY, DAVID ZELIG, PETER BABICH, and Defendant, CITY OF CHICAGO, ("Defendants"), by and through their respective counsel, and hereby move this Court for entry of an order extending the fact discovery deadline in this case. In support thereof, Defendants state as follows:

1. Fact discovery is set to close in this case on March 31, 2024. Dckt. 95.

2. The parties agree that an extension of the fact discovery deadline is necessary.

3. The parties have met and conferred three times in good faith to discuss this issue via Zoom video conference. However, the parties have reached an impasse regarding the length of time necessary to complete the remaining fact-discovery in this case.[1] Given the amount of discovery to be

---

[1] Defendants initially sought Plaintiff's position on this matter to assess the viability of an agreed or partially agreed motion. However, Defendants proposed a six-month extension and Plaintiff proposed a one-month extension in response. Plaintiff changed his position to being open to agreeing to a two-month extension after this Court's ruling on Defendants' motion to compel on March 13, 2025. Regardless, Defendants' view is that Plaintiff's proposed cut-off date is unreasonably short for Defendants to conduct discovery in defense of Plaintiff's claims in this case. Therefore, Defendants' filed this motion as one opposed by Plaintiff.

1

completed, including the depositions this Court recently allowed to proceed on March 3, 2025, Defendants believe six months are needed to complete fact discovery.[2] Dckt. 113. Plaintiff believes all discovery, including 19 depositions, should be completed within two months.

4.  On February 14, 2025, the parties submitted a joint status report detailing their progress made in fact discovery since submitting their previous joint status report on December 9, 2024. Therein, the parties appraised the Court of their extensive oral discovery schedule as well as their ongoing and impending motion practice. Dckt. 105. The parties have continued to conduct discovery diligently since that date: Defendants deposed Lamarius Robinson on March 3, 2025, both parties have submitted briefings in support of their positions on Defendants' motion to compel (*see*, Dckt. at 109, 111), Defendants produced Defendant Frano for his deposition, and the parties have also conferred via Zoom twice concerning an extension to fact discovery, the propriety of deposing Plaintiff's Rule 404(b) witnesses, and concerning Plaintiff's intention to move this Court to seek a protective order preventing the deposition of Plaintiff's post-conviction counsel, Jodi Garvey.

5.  Furthermore, the following depositions were scheduled to proceed, but were cancelled due to no fault of the Defendants:

- Defendants were scheduled to take Plaintiff's deposition on March 5, 2025, but agreed to reschedule it so Plaintiff could depose Defendant Detective Folino. On March 3, 2025, Plaintiff cancelled Defendant Detective Folino's deposition because of a conflict.

- The deposition of third-party witness, Oscar Russell, was scheduled to proceed on March 7, 2025, but Plaintiff cancelled the deposition on the evening of March 6, 2025 due to an emergency.

- Defendants were prepared to produce Defendant Officer Frano for his deposition on March 12, 2025 and Officer Celio for his deposition on March 13, 2025. However, Defendant Officer Frano's deposition was not able to proceed on the above date as a certified videographer was not present to record the deposition. Instead, Defendant Officer Frano's deposition

---

[2] Plaintiff and the City of Chicago are actively discussing, including by Zoom videoconference on March 14, 2025, a stipulation regarding Plaintiff's *Monell* claim that would obviate the need for *Monell* discovery. Should the parties be unable to reach an agreement, this motion for an extension does not contemplate the additional time necessary to undertake discovery into Plaintiff's *Monell* claim.

2

proceeded on March 13, 2025, and so the parties will have to reschedule the deposition of Defendant Officer Celio.

- Defendant agreed to present Defendant Officer Conroy for his deposition on March 14, 2025, but the parties agreed to accommodate third party witness Quinton Davis' deposition on the same date as Defendants were having difficulty serving him and Plaintiff was able to facilitate service  However, given the Court's ruling on __ granting Defendant' motion to compel the withheld phone calls of Davis, Defendants cancelled the deposition so that the parties could have the opportunity to review the calls before they proceeded with his deposition.

- Defendants subpoenaed Jodi Garvey for her deposition, and it was scheduled to proceed on March 10, 2025.  On March 5, 2025, Plaintiff's counsel informed Defendants that Ms. Garvey's deposition could not proceed on that date and that they intend to move for a protective order to bar her deposition from proceeding based on her current employment. The parties have engaged in several zoom conferences related to the same.

- Defendants subpoenaed former Assistant States' Attorneys for the CCSAO Andrew Dalkin and Timothy Carter, which were scheduled to proceed March 20, 2025 and March 26, 2025, respectively. On March 14, 2025, counsel for these witnesses notified Defendants of their need to reschedule both depositions. Defendants are currently waiting for dates of availability from these witnesses' attorneys to conduct these depositions. On March 20, 2025, counsel for Plaintiff indicated that Mr. Carter's deposition previously scheduled for March 26, 2025, would need to be rescheduled.

- Defendants subpoenaed former ASA Melissa Meana for her deposition on March 28, 2025. Ms. Meana informed Defendants, however, that that she is unavailable that entire week to sit for her deposition. Defendants are also working on rescheduling this deposition.

- Finally, Defendants were set to present Defendant Officer McDermott on March 28, 2025 as well. On March 19, 2025, Counsel for Defendants notified Plaintiff that Defendant Officer McDermott now has a conflict, and he is unavailable that date. Defendants have since offered to Plaintiff to present Defendant Officer McDermott for his deposition on April 30, 2025 and May 1, 2025 and are awaiting Plaintiff's availability for these dates.

6. The parties' remaining fact-discovery is substantial, and Defendants seek an additional six months to conclude fact discovery on September 30, 2025. This amount of time is reasonable given the remaining discovery, most of which Plaintiff agrees should proceed or this Court recently ordered may proceed[3]:

   a. Plaintiff Allen Robinson

---

[3] Consistent with this Court's ruling on Defendants' for leave to depose more than ten witnesses (Dckt. at 113), Defendants are also in the process of interviewing more witnesses.

3

b. Defendant Officer Folino

c. Defendant Officer Celio

d. Defendant Officer McDermott

e. Defendant Officer Babich

f. Defendant Officer Zelig

g. Defendant Officer Brasic

h. Defendant Officer Conroy

i. Derrick Stidwell: Stidwell is one of two individuals who was with the victim, Christopher Hanford, minutes before his murder, for which Plaintiff was convicted. Stidwell was interviewed by police in December of 2008 and stated that he saw the vehicle of Plaintiff's mother driving East away from the crime scene and attempted to provide aid to Hanford.

j. Oscar Russell: Russell testified before the grand jury to procure Plaintiff's indictment in 2009 and at Plaintiff's criminal trial in 2011. However, in 2014, he signed an affidavit in support of Plaintiff's petition for post-conviction relief, in which he recanted his statement to ASA Dalkin, and his sworn grand jury testimony and testimony from Plaintiff's criminal trial.

k. Quinton Davis: Davis signed an affidavit in support of Plaintiff's petition for post-conviction relief, which Plaintiff also relied upon as an attachment to his petition for a certificate of innocence in which he claimed he was an alibi witness and that Plaintiff's cousin, Lamarius Robinson, murdered Hanford rather than Plaintiff.

l. Jodi Garvey: Plaintiff's post-conviction attorney who alleged in Plaintiff's petition for post-conviction relief that Plaintiff told his criminal trial attorney, who failed to investigate, that certain witnesses interviewed by police as part of the Hanford homicide investigation in December 2008 would provide information contrary to statements given to police by Oscar Russell. These witnesses are also central to Ms. Garvey's argument in her supplement to Plaintiff's petition that the police allegedly failed to disclose the contents of interviews with these witnesses with prosecutors and defense counsel. Ms. Garvey also claimed in that petition that Plaintiff's criminal trial attorney failed to investigate several of Plaintiff's claimed alibi witnesses (including Jenee Moreland and Ethel Lewis) and to corroborate DNA evidence relating to Lamarius Robinson. She also raised a claim of actual innocence based on Oscar Russell's affidavit recanting his prior statements.

m. Jenee Moreland: Plaintiff conceded that Defendants have a particularized need to depose Ms. Moreland, as she claimed in her affidavit that Lamarius Robinson admitted to her that he murdered Hanford shortly after the murder. See, Dckt. 113 at pp. 6.

    n. Melissa Meana: Ms. Meana is one of two former Assistant States' Attorneys with the Felony Review Unit who interviewed DeAndre Guyton and Oscar Russell immediately before Plaintiff's arrest on March 3, 2009. Ms. Meana then went on to take the handwritten statement of DeAndre Guyton, who would later testify at the grand jury to obtain Plaintiff's indictment and at Plaintiff's trial. Ms. Meana also testified at Plaintiff's criminal trial.

    o. Andrew Dalkin: Mr. Dalkin is the second of two former Assistant States' Attorneys with the Felony Review Unit who interviewed DeAndre Guyton and Oscar Russell immediately before Plaintiff's arrest on March 3, 2009. Mr. Dalkin then went on to take the handwritten statement of Oscar Russell, who would later testify at the grand jury to obtain Plaintiff's indictment and at Plaintiff's trial.

    p. Timothy Carter: prepared the State's Answer to Discovery and disclosed witnesses: Antonio White, Ozell Jackson, Shannon James, Johntay Washington and Jamion Winters. Plaintiff claims Defendants violated his due process rights under *Brady*, thus, to rebut this claim it is necessary to know what information the State had at the time of Plaintiff's criminal trial. Mr. Carter may have also spoken to third party witness Oscar Russell before putting him on as a witness at Plaintiff's criminal trial, and may have information to rebut Plaintiff's theory that Defendants' fabricated Russell's statement.

    q. Alanae Robinson: Plaintiff conceded, and this Court found that Defendant had a particularized need to depose Ms. Robinson, Plaintiff's daughter, as a witness who can testify to Plaintiff's claimed damages in this case. See, Dckt. 113 at pp. 6-7.

    r. Shanice Johnson - Plaintiff conceded, and this Court found that Defendant had a particularized need to depose Ms. Johnson as a witness who can testify to Plaintiff's claimed damages in this case. Ms. Johnson, however, also has a child with DeAndre Guyton and may have other knowledge of underlying facts of Hanford's murder and Plaintiff's claim to factual innocence. See, Dckt. 113 at pp. 6-7.

    s. Allen Robinson, Jr.: Plaintiff conceded, and this Court found that Defendant had a particularized need to depose Mr. Robinson, Plaintiff's son, as a witness who can testify to Plaintiff's claimed damages in this case. See, Dckt. 113 at pp. 6-7.

Defendants also still require time to conduct follow-up discovery upon the conclusion of these depositions.

    7. The parties also now need to review the 901 phone calls produced by Plaintiff's post-conviction counsel responsive to Defendants' subpoena. Plaintiff produced the calls to Defendants on March 19, 2025 after the parties conferred on this matter via Zoom. Defendants' motion to release the grand jury materials from Plaintiff's criminal case, which was filed January 29, 2025 (and for which

5

the parties appeared before the Circuit Court of Cook County on February 4, 2025, February 25, 2025, and March 19, 2025) has also been reset for hearing on April 28, 2025. Thus, the parties may not have these materials until May.

8. In addition, Defendants anticipate further motion practice to resolve certain discovery disputes including but not limited to Plaintiff's motion for a protective order over the taking of Ms. Garvey's deposition.

9. So too, Defendants are waiting on responses to four of their outstanding subpoenas for records, including for:

   a. the CCSAO's records from the case state court criminal case *People v. Larry Austin*, in which an affidavit was submitted by Quinton Davis in support of a post-conviction petition that was later withdrawn by the petitioner's attorney on the basis that it was false;

   b. Oscar Russell's movement history, housing records, phone call logs, visitor logs, and counseling summary from IDOC; and

   c. Two subpoenas for a full thread of text messages between Oscar Russell and Plaintiff in which Russell apologized to Plaintiff for "snitching" (one subpoena is addressed to Russell, and one is addressed to Russell's attorney).

10. Finally, counsel for Defendants have two trials scheduled over the next five months. One of Defendants' counsel also anticipates beginning his scheduled paternity leave in early June.

11. Defendants' view Plaintiff's proposal for a two-month extension, meanwhile, as one of many repeated instances in which Plaintiff has grossly underestimated the time required to complete fact-discovery in this case. For example, in the parties' first initial status report, Plaintiff proposed fact discovery to close on April 30, 2024. See, Dckt at 57. The parties submitted a second initial status report on January 26, 2024 wherein Plaintiff proposed fact discovery to close on August 31, 2024 and Defendants' proposed December 31, 2024. Dckt. at 66. The Court "credit[ed] Defendants' representation that this case is likely to involve a significant amount of fact discovery…" and ruled

6

that "[g]iven the volume and scope of discovery that appears necessary in this case, the Court adopts Defendants' proposal…." Dckt. at 67.

12. Just a few months ago on December 27, 2024, the parties jointly sought their initial fact discovery extension but offered differing views on what amount of time was needed. Dckt. at 94. In that joint motion, Plaintiff argued that two-months was sufficient time to conclude fact discovery and proposed fact discovery closed on February 28, 2025. *Id.* Defendants proposed fact discovery close on June 30, 2025 and the Court ruled that the fact discovery deadline was March 31, 2025. Dckt. at 95. Yet again, Plaintiff did not provide a realistic proposal to complete all outstanding discovery. In this light, Plaintiff's track-record of seeking insufficient time to even conclude his own discovery, should weigh in favor of Defendants' proposal.

13. This is the Defendants' second request for an extension and there exists good cause to grant the requested extension in this high value case involving serious allegations, dozens of disclosed trial witnesses, pending motions affecting discovery, and the number of depositions scheduled by both parties that need to be completed. There are also no other deadlines that would be impacted by such an extension as an expert discovery schedule is not in place, a summary judgment deadline has not been set, and there is no trial date.

14. This Motion is not being brought for the purposes of delay, and no prejudice will inure to the parties as the result of the requested extension. The parties have negotiated these disputes in good faith and in search of compromise, but, to no avail.

15. Wherefore, Defendants respectfully request this Honorable Court grant Defendants' Motion to Extend Fact Discovery and order that fact-discovery be concluded by September 30, 2025.

Respectfully submitted,

Special Assistant Corporation Counsel  
By: /s/ Drew Wycoff  
Steven B. Borkan

Special Assistant Corporation Counsel  
By:/s/ Daniel Burns  
Terrence M. Burns

7

| | |
|---|---|
| Timothy P. Scahill<br>Emily E. Schnidt<br>Misha Itchhaporia<br>Drew E. Wycoff<br>Andrea F. Checkai<br><br>BORKAN & SCAHILL, LTD.<br>Two First National Plaza<br>20 South Clark Street, Suite 1700<br>Chicago, Illinois 60603<br>(312) 580-1030<br>*Attorneys for Wayne Frano, Vincent Celio, Carl Brasic, Timothy McDermott, John Folino, Jr., Patrick Conroy, David Zelig, Peter Babich* | Paul A. Michalik<br>Daniel M. Noland<br>Katherine C. Morrison<br>Daniel J. Burns<br><br>Burns Noland LLP<br>311 South Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>(312) 982-0090 (telephone)<br>(312) 429-0644 (facsimile)<br>*Attorneys for Defendant City of Chicago* |