# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALLEN ROBINSON ) ) ) *Plaintiffs*, ) ) *v.* ) ) ) WAYNE FRANO, VINCENT CELIO, CARL ) BRASIC, TIMOTHY MCDERMOTT, JOHN ) FOLINO, JR., PATRICK CONROY, DAVID ) ZELIG, PETER BABICH, ANDY DALKIN, ) the CITY OF CHICAGO, and COOK ) COUNTY ) ) ) *Defendants.* ) | Case No. 23-CV-02724 **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT CARL BRASIC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff Allen Robinson, by his attorneys, Loevy & Loevy, pursuant to Federal Rule of Civil Procedure 33, responds as follows to Defendant Brasic's First Set of Interrogatories.

## INTRODUCTION AND GENERAL OBJECTIONS

Plaintiff's investigation is ongoing as to all matters referenced in the objections and responses below. Plaintiff's objections and responses are based upon, and necessarily limited by, information now reasonably available to Plaintiff. Plaintiff specifically reserves all rights to revise, correct, supplement, modify, or clarify the content of his objections and responses below, in accordance with the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

Each objection below applies to each instruction, definition, and specific request included in the interrogatories; and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each instruction, definition, and specific request.

1

Plaintiff construes Defendant's interrogatories to request information within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek information that is already in the possession, custody or control of Defendant, or that is obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendant.

Plaintiff objects to the interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, the psychotherapist-patient privilege, the marital communications privilege, or any other applicable law, regulation, privilege, immunity, or discovery protection, or that are otherwise protected by disclosure under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence. In responding to these interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege. Plaintiff reasonably interprets the instructions, definitions, and interrogatories to not seek information that is privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A).

Plaintiff objects to the interrogatories to the extent that they purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff objects to the interrogatories as a whole and to each interrogatory contained therein, to the extent that they are compound and a violation of the applicable Rules, which limit Defendant's interrogatories, including all discrete subparts. Plaintiff objects to the interrogatories

that exceed the permitted number of requests and/or include multiple questions on the basis that they should not be considered a single interrogatory under the applicable Rules. Plaintiff will construe each interrogatory that contains multiple questions as individual interrogatories, including discrete subparts.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**ANSWERS**

**INTERROGATORY NO. 1:**

Identify every action taken by Defendant Officer Carl Brasic during the Hanford homicide investigation which you contend for the purposes of this lawsuit is a basis for your claim of injury, and for each identify: (a) the date of the occurrence; (b) the nature of the occurrence; (c) any witnesses to the occurrence; and (d) all documents referring, reflecting or otherwise relating to the occurrence.

**ANSWER:** Plaintiff objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have disclosed documents in their possession or have answered relevant discovery requests. Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, or control of the Defendants. In addition, Plaintiff objects because the interrogatory is overly broad and unduly burdensome. Plaintiff also objects to this interrogatory because it is vague and ambiguous and to the extent it calls for a legal conclusion or otherwise defines terms in a manner that is unsupported by the law and is irrelevant to the legal clams in this case. Plaintiff objects further to the extent that this interrogatory seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other statutory or common-law privilege. Subject to and without waiving those objections and Plaintiff's general objections, Plaintiff responds that he has prepared an extensive complaint that alleges in detail how

each of the Defendants, including Defendants Babich, Brasic, Celio, Conroy, Folino, Frano, McDermott, and Zelig acted individually and in conspiracy with one another to conceal and withhold exculpatory evidence from Plaintiff, his defense counsel, and the State's Attorney's Office, to fabricate false evidence against Plaintiff, including witness statements, implicating him in a crime he had not committed, and to prosecute Plaintiff without any probable cause to believe that he had committed the murder of Christopher Hanford. *See* Amended Complaint ¶¶ 20-94. Plaintiff specifically alleges that, as part of the investigative team, these Defendants, acting in conspiracy with another, and others still unknown to Plaintiff, collected evidence from witnesses and the crime scene, all of which demonstrated that Plaintiff could not have been involved in the murder of Christopher Hanford, and suppressed that they collected evidence that pointed instead to other suspects, interrogated at least one witness for extended periods, held him for more than one day, with nothing to eat, prevented him from sleeping, threatened witnesses with prison time for drug offenses, and in doing so extracted statements from witnesses that they did not give voluntarily, which they used to implicate Plaintiff in Hanford's murder; fabricated evidence in order to connect Plaintiff to the crimes, including false police reports and witness statements regarding Plaintiff's purported connection to the crime; performed suggestive identification procedures in which they told witnesses to implicate Plaintiff; fabricated witness identifications; manufactured false witness testimony that was used to implicate Plaintiff; covered up their misconduct and destroyed or suppressed additional evidence that would have exculpated Plaintiff, including witness statements pointing to other suspects, hiding that information from Plaintiff, his attorneys, and state prosecutors; presented false evidence to state prosecutors and judicial authorities in order to secure and continue charges against Plaintiff; and provided false reports, statements and testimony in order to implicate Plaintiff in a crime he had not committed. Answering further, Plaintiff states that Defendants engaged in this misconduct even though there was absolutely no evidence (forensic, eyewitness, circumstantial,

4

character, or otherwise), apart from that evidence fabricated by the Defendants, that connected Plaintiff to the murder. On the contrary, there was ample evidence that the crimes were committed by someone else, which Defendants suppressed, leaving the real killer free. Plaintiff states that to the best of his current knowledge, the Defendants were present at the crime scene, interrogated Plaintiff, interviewed other witnesses, wrote police reports, secured Plaintiff's arrest and charges against him, and testified during criminal proceedings against him. In addition, Plaintiff directs Defendants to the documents he has produced. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**INTERROGATORY NO. 2:**
Identify every action(s) which you allege violated Plaintiff's constitutional rights during which Defendant Officer Carl Brasic was present and personally had an opportunity to prevent the constitutional action but failed to do so as pled in Plaintiff's Complaint, and for each alleged constitutional violation identify: a) the constitutional violation committed, b) who allegedly committed it, c) where it allegedly occurred, d) when it allegedly occurred e) all known persons to the alleged violation and f) identify any and all evidence of which Plaintiff is currently aware that supports his answer to this interrogatory.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendant's Interrogatory No. 1, above.

**INTERROGATORY NO. 3:**
Identify every overt action personally taken by Defendant Officer Carl Brasic in furtherance of the alleged conspiracy as pled in Counts IV and IX of Plaintiff's Complaint and for each overt act, state all witnesses and evidence relating thereto.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendant's Interrogatory No. 1, above.

**INTERROGATORY NO. 4:**
Identify the circumstances of any agreement or understanding that Defendant Officer Carl Brasic allegedly was a party to as pled in Counts IV and IX of Plaintiff's Complaint, including: a) where it occurred; b) when it occurred; c) who initiated the agreement/understanding; d) what the agreement or understanding entailed.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendant's Interrogatory

No. 1, above.

**INTERROGATORY NO. 5:**
Identify, with specificity, what conduct you attribute to Defendant Officer Carl Brasic which you claim lead to your arrest, prosecution, and conviction for the murder of Christopher Hanford.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendant's Interrogatory

No. 1, above.

**INTERROGATORY NO. 6:**
Identify any and all evidence of which Plaintiff is currently aware that supports his allegation that Defendant Officer Carl Brasic's actions, omissions or conduct was extreme and outrageous as alleged in Count VII of Plaintiff's Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendant's Interrogatory

No. 1, above.

**INTERROGATORY NO. 7:**
Please provide each and every electronic mail address (aka "e-mail address") and identify any cellular telephone number and provider you have used and maintained from March 3, 2004 to present, and provide whether you have sent, received, drafted or saved any emails or text messages, iMessages, Snapchatted (excluding your attorneys and their agents) or used any other messaging platform about or regarding the incidents alleged in Plaintiff's Complaint, the Hanford homicide investigation, or the damages alleged in your Complaint and/or any party to this lawsuit.

> **This interrogatory also serves as a request that Plaintiff preserve all of said emails and test messages from his release from prison through the person. Any destruction thereof may result in a request for an instruction regarding spoliation.**

**ANSWER**: Plaintiff objects that this interrogatory is harassing and infringes on a privacy interest. Plaintiff objects to this interrogatory on the basis that it calls for information that is overly broad, not reasonably limited in temporal scope, irrelevant and disproportionate to the needs of the case, and objects to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff also objects that this is not a proper interrogatory, in particular the portion that appears to request preservation of essentially all of Plaintiff's communications over a 20-year period.

6

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that he will provide information regarding ESI in his possession, custody, or control, pursuant to an ESI discovery plan negotiated with Defendants and subject to both sides in the litigation. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify as new information comes to light.

**INTERROGATORY NO. 8:**
Please identify all of your internet photo and video sharing service and social media accounts including but not limited to Facebook, Instagram, YouTube, Tiktok, Snapchat, Twitter, Linkedin MySpace, GooglePlus, Blogspot, Livejournal, Blogger, Flickr, Xanga, Tumblr, Wordpress and Reddit, maintained by you or on your behalf from 2004 to the present and for each account, identify your username and email address associated with that account. If such profile or site is password protected, please either provide your password or a printout of said profile and all activity therein that relates in any to the incident or damages alleged in your complaint.

> **This interrogatory also serves as a request that Plaintiff preserve all of said emails and test messages from his release from prison through the person. Any destruction thereof may result in a request for an instruction regarding spoliation.**

**ANSWER:** Plaintiff objects that this interrogatory, including its request for Plaintiff's passwords, is harassing and infringes on a privacy interest. Plaintiff objects to this interrogatory because it impermissibly seeks to use a Rule 33 interrogatory to obtain documents that are properly requested via Rule 34. Plaintiff objects to this interrogatory on the basis that it calls for information that is overly broad, not reasonably limited in temporal scope, irrelevant and disproportionate to the needs of the case. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. Plaintiff objects that this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that he will provide information regarding ESI in his possession, custody, or control, pursuant to an ESI discovery plan negotiated with

Defendants and subject to both sides in the litigation. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify as new information comes to light.

**INTERROGATORY NO. 9:**
Please identify each and every visit, phone call, correspondence, conversation or other interaction that you have had from March 3, 2009 to present with any witness that testified at any proceeding relating to your criminal case, as well as any individual who provided an affidavit subsequent to your conviction for the Hanford homicide.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case, in that seeks, without further restriction or clarification, each and communication with any witness that testified in Plaintiff's criminal case as well as any individual who has provided an affidavit subsequent to Plaintiff's wrongful conviction—a category of individuals that includes his mother. Plaintiff objects to the extent this interrogatory seeks information protected by attorney-client privilege and/or work product doctrine. Plaintiff objects further because this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories.

**INTERROGATORY NO. 10:**
Describe in detail any and all communications of any type you have had with any Cook County Assistant State's Attorney(s) or any Assistant Illinois Attorney General(s) or anyone affiliated with the Cook County Assistant State Attorney(s) or Illinois Attorney General Office relating in any way to the murder of Christopher Hanford as alleged in your Complaint. In so doing, identify any such Cook County Assistant State's Attorney or Assistant Illinois Attorney General(s) (by name, description, etc.), identify the date, time, and place of any such communication, and provide a comprehensive description of everything said to you and everything said by you during such communication(s).

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it seeks information about every single allegation or statement that Plaintiff has made against any named Defendant to any local, state or federal governmental or quasi-governmental agency or private entity, without further restriction or clarification, and without Plaintiff necessarily knowing at the time the exact name or nature of each such governmental, quasi-governmental or private entity. Plaintiff objects that this

8

interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects to the extent that this interrogatory seeks information that is publicly available or information equally available to Defendants as Plaintiff. Plaintiff objects to providing any statements that any of his counsel may have made about his case or about the allegations against the defendants as being protected by the work product and attorney privileges, unduly burdensome and disproportionate to the needs of the case, and overbroad. Plaintiff objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states: none. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

**INTERROGATORY NO. 11:**
Is it your contention that you are actually innocent of the crime or crimes for which you were convicted relating to the murder of Christopher Hanford? If your answer is anything other than an unqualified no, please state with specificity each and every witness, piece of evidence and fact upon which you will rely at trial to support this contention.

**ANSWER:** Plaintiff is innocent and was not involved in the crime. Plaintiff objects to this request as vague, ambiguous, overly broad, and unduly burdensome, including to the extent it is asking for all evidence of Plaintiff's innocence. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Further, contention interrogatories should be limited to asking for material or principal facts, rather than asking for the party to set forth their entire case. *Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17,

2012) (citing *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("[t]o the extent [the contention interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask for the material or principal facts which support a contention.")). Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

**INTERROGATORY NO. 12:**
Describe in detail what conversations, if any, you had from December 3, 2008 up to the time of the start of your criminal trial on June 20, 2011 about the circumstances leading up to your arrest on March 3, 2009 including any alleged threats of physical abuse made by one or more of the Defendant Officers or acts of physical abuse by one or more of the Defendant Officers, with any individual (not including your attorney(s)), a description of everything said to you and everything said by you during such conversation(s), the date, time and place of any such conversation(s) and identify any witnesses that were present during such conversation(s).

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it seeks an identification of each and every person who Plaintiff has had any communications with regarding his wrongful incarceration arising out of the murder of Christopher Hanford more than 16 years ago. In addition, this request is unduly burdensome in that it further seeks Plaintiff to identify the dates and descriptions of discussions for each and every discussion.

Subject to these and the general objections, and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff responds that he has spoken to many different people over the years about his interactions with Defendants that led to his wrongful conviction and about his innocence, including during his 13 years of wrongful incarceration. He cannot tally up or identify with any specificity each such person. Plaintiff answers that it is not possible for him to identify or recall when and how long each conversation

occurred more than 16 years ago. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify as new information comes to light.

**INTERROGATORY NO. 13:**
For each of the following individuals, please state if you know (knew) the individual, how long you have known the individual, how often you saw or spoke to the individual, and the nature of those encounters: : a) Lamarius Robinson; b) Oscar Russell; c) Deandre Guyton; d) Quinton Martell Davis; e) Jenee Moreland; f) Johntay Washington; g) Ozell Jackson; h) February Burage; i) Jamion Winters; j) Aaron Marshall; k) Ethel Lewis; and l) Darrick Stidwell.

**ANSWER:** Plaintiff objects to the extent this interrogatory because it is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff further objects that this interrogatory is vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case in that it seeks every communication with the individuals listed without further restriction or clarification.

Subject to and without waiving Plaintiff's objections to this interrogatory and to Defendants' definitions and instructions, Plaintiff states that Lamarius Robinson is his cousin and he has known him his entire life. Plaintiff knew Oscar Russell because he lived in the neighborhood and has not seen or spoken to him since Plaintiff was wrongfully incarcerated in 2009. Plaintiff knew Deandre Guyton because he has a child with the mother of Plaintiff's child. Plaintiff has not seen or spoken to Mr. Guyton since he was wrongfully incarcerated in 2009. Plaintiff knows Quinton Davis because they grew up in the same neighborhood together. Plaintiff knows Jenee Moreland because she is the mother of his daughter. Plaintiff knows Johntay Washington, Ozell Jackson, February Burrage, Jamion Winters, and Aaron Marshall because they were friends who lived in the same neighborhood. Plaintiff knows Ethel Lewis because he was a co-worker of his mother's. Plaintiff has never had a relationship with Darrick Stidwell. Plaintiff's investigation into this matter continues and he reserves the right to supplement this answer as new information comes to light.

**INTERROGATORY NO. 14:**
Do you contend that any person other than yourself had any involvement in the murder of Christopher Hanford on December 3, 2008 or committed any other illegal action relating to the December 3, 2008 incident in Plaintiff's Complaint? If so, please describe each alleged illegal action that you contend was committed by any person other than you and provide the complete factual basis for your contention. Please be advised that defendants are relying on the response to this Interrogatory to provide a full and complete exposition of the matters to be introduced at trial relating to the subject matter herein and intend to move in limine to bar any matters not specifically disclosed herein.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it suggests that he was involved in the murder of Christopher Hanford. Plaintiff is innocent and was not involved in the crime. Plaintiff objects to this interrogatory because it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose many of the relevant witnesses or received discovery responses from Defendants in this case. Plaintiff further objects because the information relevant to this inquiry is principally in the possession, custody, and control of Defendants. In addition, Plaintiff objects to this interrogatory to the extent that it seeks information not within Plaintiff's possession, custody, or control. Finally, Plaintiff objects to this interrogatory as an inappropriate compound interrogatory as it includes multiple questions and subparts set forth in a single interrogatory. Plaintiff objects to this interrogatory because it is duplicative of Interrogatory No. 11.

Subject to and without waiving the foregoing objections, and Plaintiff's general objections above, Plaintiff states first, with absolute certainty, that he had nothing to do with the murder of Christopher Hanford. Plaintiff refers Defendants to the testimony in his criminal and post-conviction proceedings and the documents produced in discovery. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light. Plaintiff agrees to supplement his response at a time mutually agreed by the parties for the exchanges of responses to contention interrogatories, that follows the conduct of substantial discovery.

**INTERROGATORY NO. 15:**
Do you contend that any of the Identification Procedures used during the Hanford homicide Investigation and administered by or involving any of the Defendant Officers were unduly suggestive? If so, please describe each and every Identification Procedure(s) you claim were unduly suggestive, whether you claim the suggestiveness was in the nature of the Identification Procedure(s) itself or the application of the Identification Procedure(s) and provide the complete factual basis for such contentions, and identify all witnesses or physical, documentary, or testimony evidence that supports your contention. Please be advised that defendants are relying on the response to this Interrogatory to provide a full and complete exposition of the matters to be introduced at trial relating to the subject matter herein and intend to move in limine to bar any matters not specifically disclosed herein.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Interrogatories No. 1 and No. 11 above.

**INTERROGATORY NO. 16:**
For the period of your incarceration from March 2009 until your release in May 2022, please identify all persons (excluding your attorneys and their agents) with whom you communicated by telephone about the murder of Christopher Hanford, your arrest, prosecution, witnesses, conviction, incarceration and any claimed damages in this lawsuit.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case, in that seeks, without further restriction or clarification, each and every phone call in which Plaintiff communicated with anyone about the murder of Christopher Hanford, your arrest, prosecution, witnesses, conviction, incarceration and any claimed damages in this lawsuit. Plaintiff objects to the extent this interrogatory seeks information protected by attorney-client privilege and/or work product doctrine. Plaintiff objects further because this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories.

Plaintiff responds that he has spoken to many different people over the years about his interactions with Defendants that led to his wrongful conviction and about his innocence, including during his 13+ years of wrongful incarceration. He cannot tally up or identify with any specificity each such person.

**INTERROGATORY NO. 17:**

Please identify each and every visit, phone call, correspondence, conversation or interaction that you had from March 3, 2009, to present with any witness that testified at your criminal trial, any individual who provided an affidavit subsequent to your conviction for the Hanford homicide, or any individual who testified at your sentencing hearing.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case, in that seeks, without further restriction or clarification, each and every communication with any witness that testified or provided an affidavit for Plaintiff's criminal and post-conviction proceedings, without limitation to subject matter, a category of individuals that includes his mother. Plaintiff objects to the extent this interrogatory seeks information protected by attorney-client privilege and/or work product doctrine. Plaintiff objects further because this interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories.

Subject to and without waiving the foregoing objections, and Plaintiff's general objections above, Plaintiff states that he spoke with his mother and Jenee Moreland, the mother of his child, during his incarceration, though it is not possible to tally up each and every phone call, visit, correspondence, or conversation with each of them.

**ALLEN ROBINSON**

By: /s/ Annie Prossnitz
One of his attorneys

Jon Loevy
Scott Rauscher
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
prossnitz@loevy.com

## CERTIFICATE OF SERVICE

      I, Annie Prossnitz, an attorney, hereby certify that on October 15, 2024, I served the foregoing disclosures upon all counsel of record via electronic mail.

                                      /s/ Annie Prossnitz
                                      *One of Plaintiff's Attorneys*