# EXHIBIT 7

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION**

| | | |
|---|---|---|
| ALLEN ROBINSON, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 09 CR 6422 |
| | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | Hon. Mary M. Brosnahan, |
| *Respondent.* | ) | presiding. |
| | ) | |

# EXHIBIT A

**Robinson 000001**

```
 1  STATE OF ILLINOIS     )
                          )  SS.
 2  COUNTY OF COOK        )

 3        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
              COUNTY DEPARTMENT - CRIMINAL DIVISION
 4
    THE PEOPLE OF THE STATE OF    )
 5  ILLINOIS,                     )
                                  )
 6                  Plaintiff,    )
                                  )
 7           vs.                  ) No. 2009-CR-62440-01
                                  )
 8  ALLEN ROBINSON,               )
                                  )
 9                  Defendant.    )

10         REPORT OF PROCEEDINGS had of the

11  above-entitled cause, before the HONORABLE MARY

12  MARGARET BROSNAHAN, one of the judges of said

13  court, on the 2nd day of May, A.D., 2022.

14  APPEARANCES:

15        HON. KIMBERLY M. FOXX,
          State's Attorney of Cook County, by:
16        MS. LINDA WALLS,
          Assistant State's Attorney,
17        appeared on behalf of the People;

18
          MR. PATRICK BLEGEN,
19        MS. JODY GARVEY,
          Attorneys at law,
20        appeared on behalf of the Defendant.

21


22


23  MELISSA K. ANDERKO
    Official Court Reporter
24  Criminal Division
    CSR: #084-004845


                              1
```

```
 1       THE COURT:  Mr. Robinson.
 2       THE SHERIFF:  Where would you like him?
 3       THE COURT:  Can we unshackle him, unless there is
 4  some security concerns?  We had him unshackled last
 5  week, so let's do that.  And then we'll have him seated
 6  over at counsel table with his attorneys, please.
 7            All right.  Thank you.  We've got Mr. Allen
 8  Robinson present in court in the custody of the
 9  Illinois Department of Corrections.  Counsel, for the
10  defense, may we get your names for the record, please.
11       MR. BLEGEN:  Judge, Patrick Blegen, B-L-E-G-E-N,
12  and Jody Garvey, G-A-R-V-E-Y, for Mr. Robinson.
13       THE COURT:  All right.  Thank you.  And on behalf
14  of the State?
15       MS. WALLS:  Linda Walls, W-A-L-L-S.
16       THE COURT:  All right.  Thank you.
17            This case comes on the Court's call for the
18  Court's ruling on the third stage post conviction
19  hearing for the allegations of ineffective assistance
20  of counsel, in particular, were uncontested by the
21  State.
22            I do want to go back to the last court date
23  which was April 28th of 2022 where I did ask the State
24  to make a record of what has changed with the evidence
```

2

Robinson 000003

1  in this case since the Conviction Integrity Unit or the
2  CIU unit returned the case to the post conviction unit
3  after 22 months wherein it's the Court's supposition
4  that they declined to find the actual innocence wherein
5  they would -- proceeded to ask the Court to dispense
6  the third stage hearings, to give a factual basis for
7  that.
8              While it is accurate that this hearing has
9  been limited to the claims of ineffective assistance of
10 counsel, again, to put the Court's request in the
11 proper frame of reference, we did have issues -- an
12 issue's conference prior to proceeding with this third
13 stage hearing with both the State and the defense, and
14 the State advanced the position that they now believe
15 that the defendant, Mr. Robinson, did not commit this
16 crime and that they anticipate dismissing the case upon
17 the granting of new trial.
18             So it's based upon that information, that the
19 Court engaged in that colloquy with the State even
20 though the issue with me was squarely ineffective
21 assistance of counsel at that point in time, hence, the
22 questions that -- that explains the questions to the
23 State during that point.  How the position changed I do
24 believe that transparency is, of course, very important

3

1   in the judicial process.
          2           But regarding the ineffective assistance of
          3   counsel claims, generally the defense attorney is a
          4   witness for the State or at least is part of the
          5   process where the State then evaluates what's told of
          6   them and decides how they are going to proceed with
          7   respect to a post conviction where ineffective
          8   assistance of counsel is alleged.
          9           Generally that defense attorney in many cases
         10   acts as a witness for the State explaining the reason
         11   for the trial decisions with the Court of the third
         12   stage hearing.  The Court is then free to accept any
         13   explanations or arguments or reject them outright and
         14   find ineffective assistance of counsel, what's a trial
         15   strategy, and what's ineffective assistance of counsel.
         16   It's always a case-by-case decision.
         17           Here based on the uncontested nature of this
         18   third stage proceeding, the State's represented that
         19   the defense attorney refused to return calls or
         20   participate; so therefore, there is absolutely no
         21   credibility determination -- or factual determination
         22   to be made other than what's in the cold record along
         23   with the testimony and the stipulations that have been
         24   entered into evidence at the third stage hearing.

                                       4

1          Under the Strickland case for ineffective
2   assistance of counsel, the Court has to determine,
3   number one, if the defendant's representation by the
4   attorney fell below the legal standard; and second, but
5   for that ineffective assistance of counsel, would the
6   outcome have been different.
7          With respect to the allegation that an alibi
8   was not presented, I do know that on February 15th of
9   2011 that the defense attorney indicated in court that
10  there were no affirmative defenses in the case and
11  alibis in terms of defense, that there was a statement
12  made on the record according to my notes on common law
13  record.  Both sides indicated to me at that time that
14  there were no complicated motions in limine, and I find
15  that to be important later on in my analysis.
16         Based on the testimony of the defendant's
17  mother and the work schedules from her job that were
18  obtained before trial without the testimony of the
19  attorney, I'm really in the dark as to why the alibi
20  was not presented.  There certainly may be reasons why
21  an attorney may not proceed with an alibi defense such
22  as problems known to the attorney after interviewing
23  witnesses and assessing the case.  Also if an attorney
24  has knowledge that an alibi is false, they are

5

Robinson 000006

1  obviously precluded from putting on any such evidence.

2  However, I -- I don't have any information about any of

3  that.

4          In this case with this third stage

5  uncontested proceeding, there's no representations

6  being made explaining the attorney's decision or even

7  frankly his knowledge of an alibi whether or not an

8  alibi existed.  I know he said in court there was no

9  affirmative defense.  Beyond that, I just would be

10 guessing.

11         Second, and in my view the most persuasive

12 ineffective assistance of counsel argument, has to do

13 with the purported letter written by Lamarius

14 (phonetic) Robinson or I should say letters plural, and

15 the purported third party statements that were admitted

16 into evidence via an affidavit and via a live witness

17 during this third stage hearing wherein Lamarius

18 Robinson admitting to -- admitted of committing this

19 crime.

20         There were two separate exhibits that were

21 presented to the Court that contained what are three

22 letters written by Lamarius Robinson according to the

23 defense theory.  There's also -- Lamarius was clearly

24 present for the trial.  I found that he had a Fifth

6

Robinson 000007

1 Amendment right even under accountability. He
2 ultimately declined to testify. But on the stand did
3 not admit to writing the letters, but I believe
4 admitted to signing the letters. We now know the DNA
5 is on Exhibit I that was tendered by the defense. And
6 one of the main allegations for ineffective assistance
7 of counsel is that the defense did not in any way,
8 shape, or form attempt to admit in the theory that
9 somebody other than the defendant committed the crime,
10 and that's under the Chambers case.
11 One of the things that was presented during
12 this hearing is there was a letter attached to the
13 affidavit of Quinton Davis which is Exhibit No. C, so
14 the allegation is that Quinton Davis knows the writing
15 of Lamarius Robinson, and he would indicate that the
16 person that wrote Exhibit C was Lamarius Robinson.
17 And I certainly am not a handwriting expert.
18 And, again, that would be for litigation, et cetera, in
19 what I believe should have been an extensive motion in
20 limine filed prior to the trial whatsoever so that a
21 Chambers analysis could have been conducted; however, I
22 will note that the letter that purportedly Quinton
23 Davis could identify as that of Lamarius Robinson is
24 very flowing. It's in cursive. It's very neat. And

7

**Robinson 000008**

```
 1   then under Exhibit No. I there are two separate letters
 2   where it's printed.  It's very neat, but it's printed.
 3           And, again, in my view, I don't see a
 4   connection between the cursive and the two written
 5   letters in any way, shape, or form; however, again,
 6   that perhaps is for a handwriting expert at some point
 7   to opine on.  But I think the -- an average person
 8   looking at Exhibit No. C and looking at the two
 9   letters -- handwritten letters under Exhibit No. I,
10   both under the I, the Lamarius Robinson, they're both
11   printed.  I can see the correlation, again, an
12   untrained eye that I have, but I don't see anything
13   that relates to the print and cursive.
14           I will note that the stipulation to Quinton
15   Davis's testimony and the finding on -- noted the
16   finding is reliability on an unrelated case that was
17   proffered.  I do find that the fact that he previously
18   signed a false affidavit in another case while in jail
19   is not part of that stipulation.  That was learned
20   during an issues discussion prior to proceeding.
21           The summary of the evidence on this
22   ineffective assistance of counsel claim for failing to
23   introduce evidence that Lamarius Robinson was the
24   alternate suspect, I believe that is -- squarely fits
```

8

**Robinson 000009**

1  within ineffective assistance of counsel.  There should

2  have been on such a significant and important issue a

3  pretrial motion that was litigated.

4           At the very least, I did give the defense an

5  opportunity to formulate a theory or a plan if he

6  attempted or wanted to get into evidence the letter

7  from Lamarius when Lamarius refused to testify.  There

8  was no mention of a Chambers hearing, which the Court

9  didn't do.  There were two separate witnesses that

10 testified very close in time to the murder itself.

11 Lamarius Robinson made statements as he himself is the

12 one who committed the murder.

13          I can't opine without having a full hearing

14 with input from both sides as to what the outcome would

15 have been, but I certainly can opine that not having a

16 hearing prior to proceeding or finishing up with the

17 trial was ineffective assistance of counsel.

18          So based upon that, based upon what was

19 presented in court, I am granting the new trial based

20 on the ineffective assistance of counsel.

21          What does the State want to do at this time?

22    MS. WALLS:  Judge, I am just awaiting confirmation

23 from the state's attorney as the ultimate disposition.

24 We reached out --

9

**Robinson 000010**

```
 1          THE COURT:  We are going to pass it.  You want to
 2     pass it today?
 3          MS. WALLS:  No.  They've indicated to me it's not
 4     going to -- I am not going to get a decision today.
 5     They suggested Monday.  If that works for the Court, we
 6     can do it first thing in the morning.
 7          THE COURT:  Sure.  Does that work for the defense?
 8          MS. GARVEY:  I can be here, Judge.
 9          THE COURT:  So the 9th then?
10          MS. WALLS:  Yes, please.
11          THE COURT:  By agreement 5/9/22.  You want to say
12     9:30 or make it 11:00?  You tell me what time.
13          MS. WALLS:  I can do 9:30.
14          MS. GARVEY:  9:30 is fine.
15          THE COURT:  All right.  By agreement May 9th of
16     2022, 9:30 a.m.  That'll be for State position.
17               (The above-entitled cause was
18                 continued to May 9th, 2022.)
19
20
21
22
23
24
```

```
1   STATE OF ILLINOIS      )
                           )  SS.
2   COUNTY OF COOK         )

3

4              I, MELISSA K. ANDERKO, an Official Court

5   Reporter within and for the Circuit Court of Cook

6   County, Criminal Division, do hereby certify that I

7   have reported in shorthand in the report of

8   proceedings had in the above-entitled cause; that I

9   thereafter caused the foregoing to be transcribed

10  into typewriting, which I hereby certify is a true

11  and accurate transcript of the proceedings had

12  before the Honorable MARY MARGARET BROSNAHAN, judge

13  of said court.

14

15

16
                                    _____
17                                  MELISSA K. ANDERKO
                                    Official Shorthand Reporter
18                                  Circuit Court of Cook County
                                    County Department - Criminal
19                                  Division
                                    Certification No. 084-004845
20

21

22

23  Dated this 8th day of

24  August, 2022.
```