UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Allen Robinson
                  Plaintiff,
v.                                          Case No.: 1:23−cv−02724
                                                        Honorable Martha M. Pacold
Wayne Frano, et al.
                  Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 24, 2025:

      MINUTE entry before the Honorable Heather K. McShain: Pending before the Court is plaintiff's motion for a protective order to bar the deposition of Jodi Garvey, an attorney who represented plaintiff during his state postconviction proceedings [117]. "[T]he party seeking a protective order limiting discovery must show good cause for the order with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Doe v. United States, Case No. 22 C 50128, 2024 WL 770752, at *1 (N.D. Ill. Feb. 2, 2024). Plaintiff has not done so here. Plaintiff argues that being deposed will pose an undue burden for Garvey, a non−party, because she is no longer a practicing attorney but instead works with the Seventh Circuit Court of Appeals on issues relating to appointment of counsel in criminal cases. Even assuming plaintiff has standing to make this objection, the Court rejects it. The Court does not credit plaintiff's claim that being deposed about "a former client's case would force Ms. Garvey to resume her work as an advocate." [117] 3. To the contrary, it simply requires Garvey to reengage with the facts of plaintiff's case and respond to the questions posed to her, a burden that is essentially indistinguishable from that experienced by all deponents. Further detracting from the undue−burden claim is the fact that Garvey herself has not raised it (or any other objection to being deposed). Plaintiff also argues that there is no need for Garvey's deposition because her testimony would be irrelevant and defendants can rely on her production of her voluminous postconviction litigation file. These objections, too, lack merit. Garvey has first−hand information about plaintiff's case and the claims that led to the vacatur of his conviction during postconviction litigation, including his claim of ineffective assistance of counsel. Garvey interviewed key witnesses on whose testimony plaintiff's alibi defense rests and was involved in securing the affidavits that plaintiff attached to his postconviction petition. Defendants also represent that plaintiff has refused to withdraw Garvey from his list of trial witnesses, a fact that underscores the reasonableness of defendants' intention to depose her. See [127] 12. For these reasons, the Court finds that Garvey's testimony is likely to be relevant to a claim or defense and not duplicative of the materials in her litigation file. Finally, the Court concludes that plaintiff's attorney−client privilege and work−product privilege objections are premature and cannot support the request to block the deposition. Until Garvey's deposition proceeds, the Court cannot determine whether or to what extent her testimony is subject to a privilege. See Patrick v. City of Chicago, 154 F. Supp. 3d 705, 718−19 (N.D. Ill. 2015)

(ruling on attorney–client and work–product privilege claims after plaintiff and trial counsel refused to answer certain questions during their depositions). Accordingly, plaintiff's motion for a protective order [117] is denied, and the denial is without prejudice to plaintiff's ability to raise privilege objections during Garvey's deposition. If the parties cannot resolve any privilege issues that arise during the deposition despite exhausting their meet–and–confer obligations, the parties may raise those issues with the Court at a later date. Mailed notice (ec)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.