# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-2724 |
| | ) | |
| WAYNE FRANO, VINCENT CELIO, CARL BRASIC, TIMOTHY MCDERMOTT, JOHN FOLINO, JR., PATRICK CONROY, DAVID ZELIG, PETER BABICH, and the CITY OF CHICAGO, | ) ) ) ) ) ) | Judge Martha M. Pacold<br><br>Magistrate Judge Heather K. McShain |
| | ) | |
| Defendants. | ) | |

**LIMITED CONSENT TO ENTRY OF JUDGMENT
AGAINST DEFENDANT CITY OF CHICAGO (*PROPOSED*)**

Defendant City of Chicago, by its attorney, Special Assistant Corporation Counsel Terrence M. Burns, hereby consents to the following:

1. Plaintiff Allen Robinson filed a Complaint against Defendants City of Chicago (the "City") and defendants Wayne Frano, Vincent Celio, Carl Brasic, Timothy McDermott, John Folino, Jr., Patrick Conroy, David Zelig, and Peter Babich ("Defendant Police Officers"). Plaintiff's Complaint includes various claims brought under federal and state law.

2. In Plaintiff's Complaint, he claims the Defendant Police Officers violated his constitutional rights as a result of various policies, practices, and customs of the City. In other words, Plaintiff has brought a claim against the City of Chicago under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiff seeks a judgment against the City for damages caused by the alleged violation of his rights under the Constitution.

3. Even if Plaintiff's constitutional rights were violated by the Defendant Police Officer as alleged, the City specifically denies any such constitutional violation was caused by a

person with "final policymaking authority," denies the City has any "policies, customs or practices" that cause constitutional deprivations, denies it has any widespread deficient or unconstitutional practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies it has the requisite degree of culpability therefrom, and denies any alleged "policy, custom, or practice" of the City directly caused the alleged violations that would give rise to liability under 42 U.S.C. §1983.

4. Without admitting plaintiff's *Monell* allegations in his Complaint or any amended complaint incorporated into the Final Pretrial Order or filed at any time prior to the submission of the case to the jury (hereinafter the "Operative Complaint"), the City will consent to entry of judgment against the City for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if and only if the finder of fact in this case finds that any of the Defendant Police Officers who remain as defendants through the conclusion of trial is liable to Plaintiff for a violation of Plaintiff's constitutional rights as alleged in the Operative Complaint, and that finding is either not appealed or that finding is appealed and affirmed in a final, non-appealable ruling of the highest appellate court to hear the matter. This paragraph applies regardless of whether the finding is by summary judgment or after a trial on the merits.

5. Likewise, if no underlying constitutional violation is found against any of the Police Officer Defendants, this Court would enter judgment in favor of the City on the *Monell* claim. This paragraph applies regardless of whether the finding is by a motion to dismiss, motion for summary judgment, motion for judgment as a matter of law, or after a trial on the merits.

6. With respect to any assertions of qualified immunity by the Defendant Police Officers, the City will consent to entry of judgment against it for compensatory damages and, to

the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if the finder of fact determines that any of the Defendant Police Officers violated Plaintiff's constitutional rights as alleged in the Operative Complaint, even if that Defendant Police Officer is further found to be not liable to Plaintiff because that defendant is entitled to qualified immunity.

7. For this purpose and in this case only, the City waives its right under *Monell* not to be found liable for damages pursuant to Section 1983 without proof that the City by its "policy, custom or practice," and with the requisite degree of culpability, caused the alleged constitutional violation. As stated herein, if liability for a constitutional violation is found against one or more Police Officer Defendants, the City agrees to accept judgment against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees, based solely on that alleged constitutional violation, and not upon any "policy, custom, or practice."

8. This Limited Consent to Entry of Judgment will not apply to liability based on a settlement to which the City is not a party, or a non-court procedure such as arbitration or mediation, unless the City agrees to be bound by such proceedings.

9. The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City retains the right to move to alter or amend any judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other post-trial relief from such judgment based on any grounds not inconsistent with this Limited Consent.

Respectfully submitted,

MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

By: /s/ Terrence M. Burns
Special Assistant Corporation Counsel

3

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090 (telephone)
(312) 429-0644 (facsimile)

*Attorneys for Defendant City of Chicago*

4