# EXHIBIT 1



Burns Noland LLP
Suite 5200
311 S Wacker Drive
Chicago IL 60606
312 878 1291
dnoland@burnsnoland.com

January 29, 2025               *Via Email*

Jon Loevy
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

      Re:    **Allen Robinson v. Wayne Frano, et al.**
               **Case No. 23-cv-2724**

Dear Mr. Loevy:

Unfortunate as your January 13, 2025 letter is, we are gratified that you have finally accepted that the *Monell* claims you often file against the City are an unnecessary expenditure of time and money, that the City's efforts through its attorneys (including my firm) to bifurcate *Monell* claims from the underlying claims are sensible and well-founded, and that we trust going forward you will refrain from filing and pursuing these unnecessary and expensive *Monell* claims that provide no benefit to your clients, dramatically increase expenses, and drain the Court's resources.

As for the draft *Monell* stipulation at issue, perhaps the reason your letter misses the mark is because you had not been previously involved in any of the discussions. I'll bring you up to speed. After the complaint was filed in this case on May 1, 2023, written discovery on the underlying case has progressed slowly and the parties just started depositions. Plaintiff did not pursue discovery of the *Monell* aspect of the complaint in any way, which the City appreciated and ultimately presumed that plaintiff was not pursuing that claim in this case. However, on November 4, 2024, Mr. Rauscher sent the following email to defense counsel:

> All,
>
> To make *Monell* discovery as efficient as possible, Plaintiff would like to produce the 1,200 or so CRs that were produced in the Watts cases and subsequently analyzed by both sides' experts in those cases. Please let us know this week if that is okay with the City.
>
> To be clear, we aren't asking for a substantive agreement on *Monell* issues. We are only asking for agreement that we can produce the CRs in this case. We would agree that they will be produced with the same confidentiality designations they have in the Watts cases. Thanks.
>
> Scott



We responded and objected two days later, as follows:

> Scott,
>
> We object to plaintiff's attempt to insert 1,200 plus CRs from the Watts Coordinated Proceedings into this case for multiple reasons. As you know, this matter was filed in May 2023 and plaintiff has not pursued his Monell claim in any way since then. Plaintiff's Rule 26(a)(1) disclosures make no Monell disclosure, and plaintiff has simply not pursued his Monell claim at all for the 18 months this case has been pending. The Watts Coordinated Proceedings (arising from allegations that former Sgt. Ronald Watts and members of his Second District tactical team were collecting a street tax from drug dealers and allegedly planting evidence when those drug dealers wouldn't pay) have no connection whatsoever to this case, which arises from plaintiff's arrest and conviction for the December 3, 2008 homicide of Christopher Handford and Area 5's investigation relating thereto. Monell claims are not fungible and a party cannot simply change the caption on an allegation and use discovery from one case to pursue another case, especially when the allegations between the Watts Coordinated Proceedings and this homicide case are so divergent. Moreover, it is far too late in this case and would prejudice defendants for the plaintiff to begin to pursue Monell after having done nothing to pursue that claim for all this time. Accordingly, for these and other reasons, including that plaintiff Robinson's attorneys do not have access to these 1,200 plus CRs and/or the right to produce them or designate them as discovery here, we object. Should you wish to discuss this matter, please let us know.
>
> Dan

Mr. Rauscher and I then discussed the issue, at which time he indicated the plaintiff was interested in a limited consent from the City to obviate the *Monell* claim. The City offered (on 11/27/24) the Stipulation attached hereto as Exhibit 1, which is substantially similar to the limited consents/stipulations the City has used in scores of reversed conviction cases. On December 3, 2024, Mr. Rauscher suggested some modifications to the stipulation the City had submitted, which was declined by the City. And on December 4, 2024, Mr. Rauscher sent the following second modified proposal:

> Dan - we can go back to the version that limits liability to actions taken by the named defendants, but we need to account for the fact that it's possible that one or more of those defendants could be dismissed before trial. Hopefully this works:
>
> 4. Without admitting plaintiff's Monell allegations in his Complaint or any amended complaint incorporated into the Final Pretrial Order or filed at any time prior to the submission of the case to the jury (hereinafter the "Operative Complaint"), the City will consent to entry of judgment against the City for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if and only if the Court or the finder of fact in this case finds that any of the Defendant Police Officers



violated Plaintiff's constitutional rights as alleged in the Operative Complaint, and that finding is either not appealed or that finding is appealed and affirmed in a final, non-appealable ruling of the highest appellate court to hear the matter. This paragraph applies regardless of whether the finding is by summary judgment or after a trial on the merits. The parties agree that for purposes of this agreement, Defendant Police Officers include all individuals who are or have been Defendants in the case, including any who Plaintiff dismisses voluntarily.

On December 5, 2024, after conferring with the City, we sent the following email to Mr. Rauscher on the City's behalf:

Scott,

The City does not agree to plaintiff's proposed edits. Hopefully plaintiff can agree to the stipulation as originally drafted which is based on the limited consent you reference below.

Thanks,

Dan

Mr. Rauscher and I spoke again about the matter on or about December 13, 2024 and were unable to reach an accord. Mr. Rauscher clarified that one of the main points of plaintiff's proposal was to give plaintiff the option of voluntary dismissing a named defendant prior to trial, but then seek to hold the City liable at trial for that dismissed defendant's conduct even though he would not be a party at that point. The City could not and would not agree to that proposal.

We then received the offensive letter from you dated January 13, 2025, asserting that my "office is going to force the litigation of the Monell claim," and that "By rejecting this reasonable compromise, you ensure that the City will have to pay your law firm at least six-figures to litigate a claim in a case that Plaintiff is perfectly willing to resolve in exchange for no money. That is an irrational and unfortunate use of the City's money." Of course, your allegation is false. As you well know, our office frequently proposes *Monell* bifurcation in these kinds of cases on behalf of the City, which is almost always opposed by your office. It is also defamatory as it claims my firm is making litigation decisions without consulting the City (our client) and is putting its own self-interest ahead of our client. You are hereby directed to cease and desist from making any further false and defamatory statements of a similar nature.

The City stands by the stipulation attached hereto as Exhibit 1, and we remain hopeful that plaintiff will accept it. Although your office had never suggested the limited consent from the *Haligas* case until your January 13, 2025 letter, the City does not agree to that language. At this point, the City is not even sure what part of the draft Robinson stipulation (Exhibit 1) plaintiff disagrees with, as it has become confusing in light of plaintiff's multiple shifting positions. Nevertheless, should plaintiff submit a redlined version of Exhibit 1, your suggestions will be considered.

If, on the other hand, the parties have reached impasse on the *Monell* stipulation, it is the City's position that plaintiff has conducted no *Monell* discovery in this case. Should plaintiff attempt to initiate *Monell* discovery at this late date, the City reserves all rights to object and move to bifurcate



*Monell* in order to save the time and resources litigating *Monell* discovery that you acknowledge is unnecessary.

Very truly yours,

**BURNS NOLAND LLP**

*/s/ Daniel Noland*


cc: All Counsel

Enc.



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-2724 |
| | ) | |
| WAYNE FRANO, VINCENT CELIO, CARL BRASIC, TIMOTHY MCDERMOTT, JOHN FOLINO, JR., PATRICK CONROY, DAVID ZELIG, PETER BABICH, and the CITY OF CHICAGO, | ) ) ) ) ) ) | Judge Martha M. Pacold<br><br>Magistrate Judge Heather K. McShain |
| | ) | |
| Defendants. | ) | |

## STIPULATION AS TO PLAINTIFF'S *MONELL* CLAIM
## AGAINST DEFENDANT CITY OF CHICAGO

Plaintiff and Defendant City of Chicago hereby stipulate to the following:

1. Plaintiff Allen Robinson filed a Complaint against Defendants City of Chicago (the "City") and defendants Wayne Frano, Vincent Celio, Carl Brasic, Timothy McDermott, John Folino, Jr., Patrick Conroy, David Zelig, and Peter Babich ("Defendant Police Officers"). Plaintiff's Complaint includes various claims brought under federal and state law.

2. In Plaintiff's Complaint, he claims the Defendant Police Officers violated his constitutional rights as a result of various policies, practices, and customs of the City. In other words, Plaintiff has brought a claim against the City of Chicago under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiff seeks a judgment against the City for damages caused by the alleged violation of his rights under the Constitution.

3. Even if Plaintiff's constitutional rights were violated by the Defendant Police Officer as alleged, the City specifically denies any such constitutional violation was caused by a person with "final policymaking authority," denies the City has any "policies, customs or

EXHIBIT 1

practices" that cause constitutional deprivations, denies it has any widespread deficient or unconstitutional practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies it has the requisite degree of culpability therefrom, and denies any alleged "policy, custom, or practice" of the City directly caused the alleged violations that would give rise to liability under 42 U.S.C. §1983.

4.  Without admitting plaintiff's *Monell* allegations in his Complaint or any amended complaint incorporated into the Final Pretrial Order or filed at any time prior to the submission of the case to the jury (hereinafter the "Operative Complaint"), the City will consent to entry of judgment against the City for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if and only if the finder of fact in this case finds that any of the Defendant Police Officers who remain as defendants through the conclusion of trial is liable to Plaintiff for a violation of Plaintiff's constitutional rights as alleged in the Operative Complaint, and that finding is either not appealed or that finding is appealed and affirmed in a final, non-appealable ruling of the highest appellate court to hear the matter. This paragraph applies regardless of whether the finding is by summary judgment or after a trial on the merits.

5.  With respect to any assertions of qualified immunity by the Defendant Police Officers, the City will consent to entry of judgment against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if the finder of fact determines that any of the Defendant Police Officers violated Plaintiff's constitutional rights as alleged in the Operative Complaint, even if that Defendant Police Officer is further found to be not liable to Plaintiff because that defendant is entitled to qualified immunity.

6. This stipulation will not apply to liability based on a settlement to which the City is not a party, or a non-court procedure such as arbitration or mediation, unless the City agrees to be bound by such proceedings.

7. The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City retains the right to move to alter or amend any judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other post-trial relief from such judgment based on any grounds not inconsistent with this stipulation.

8. Pursuant to this stipulation, the parties agree that the *Monell* claims against the City shall be dismissed with prejudice.

Dated:

| | |
|---|---|
| By:   s/_____<br>One of the Attorneys for Defendant,<br>City of Chicago<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Daniel J. Burns<br>Burns Noland LLP<br>311 S. Wacker, Suite 5200<br>Chicago, Illinois 60606 | By:   s/_____<br>One of the Attorneys for Plaintiff,<br>Allen Robinson<br><br>Jonathan I. Loevy<br>Scott Rauscher<br>Annie Prossnitz<br>Loevy & Loevy<br>311 North Aberdeen, 3rd Floor<br>Chicago, IL 60607 |