IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN ROBINSON, | ) ) ) | Case No. 23 C 02724 |
| *Plaintiff,* | ) ) | Hon. Judge Martha M. Pacold |
| v. | ) ) | District Judge |
| WAYNE FRANO, *et al.,* | ) ) | Mag. Judge Heather K. McShain |
| *Defendants*. | ) ) ) | |
| | ) ) | **JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT**

Pursuant to this Court's Order (Dkt. 148), the parties submit the following joint status report:

1. On July 14, 2025, the Court granted the parties' joint motion to extend the fact discovery deadline and set a fact-discovery deadline of October 31, 2025. Dkt. 148.

2. The parties have continued progress on fact discovery since the Court granted that request to extend the deadline.

3. For example, the parties resolved their dispute about Monell-related complaint registers ("CRs"), and the City produced the CRs from the *In re Watts Coordinated Pretrial* Proceedings, Case No. 19-cv-1717, which had been the subject of previous motion practice. *See, e.g.*, Dkt 141 at 9; Dkt. 147 ¶ 7.

4. Plaintiff and the City of Chicago have begun the meet and confer process to determine which of Defendants' CRs that were not sustained should be produced, if any. The parties will promptly raise this issue with the Court if they are unable to reach an agreement.

5. The parties have also taken the following depositions since filing their motion to extend discovery:

    a. Plaintiff Allen Robinson

    b. Jodi Garvey, who was Plaintiff's post-conviction attorney

    c. (Former) Defendant Carl Brasic[1]

    d. Assistant State's Attorney Timothy Carter

    e. Third-party witness Oscar Russell

6. The parties have also scheduled a number of additional depositions:

    a. Defendant McDermott on September 17, 2025

    b. Defendant Folino on September 18, 2025

    c. Defendant Babich on September 23, 2025

    d. Defendant Zelig on September 24, 2025

    e. Defendant Conroy on September 25, 2025

    f. Assistant State's Attorney Melissa Meana on October 8, 2025

7. The depositions of Jenee Moreland and Derrick Stidwell are currently being scheduled.

8. The parties continue to work on scheduling additional depositions to ensure that they are completed by the October 31, 2025 fact-discovery deadline.

9. Counsel for Defendant Officers intend to file a Motion for Leave to Depose Plaintiff's former criminal defense attorney, Charles Piet. The Court previously ruled that Defendants were not allowed to depose Mr. Piet. Dkt. 113 at 5. It is Defendants' position that recent developments in the case warrant allowing his deposition. Plaintiff disagrees with

---

[1] Following the deposition of Defendant Brasic, Plaintiff filed an agreed stipulation to dismiss him from this case. Dkt. 149.

2

Defendants' position. In accordance with the Court's standing order, the parties met and conferred but were unable to reach agreement.

10. While reviewing documents produced by the Cook County State's Attorney's Office (CCSAO), Counsel for Defendant Officers identified a discrepancy involving 97 pages that have not yet been produced by the CCSAO. Counsel promptly contacted the CCSAO and is actively communicating with them regarding the matter. Counsel understands that the CCSAO is working to resolve the discrepancy and will inform the Court as necessary.

11. Finally, the parties note that Defendant Celio's deposition may need to be taken at the end of or possibly outside of the current deadline. Defendant Celio suffered catastrophic injuries as part of a motor vehicle accident in 2015 and is undergoing surgery at the end of September as part of his continued recovery. Counsel for Defendant Celio understand that post-operation recovery could span 4 to 8 weeks. Defense counsel currently believes that if he will be in a position to be deposed prior to this Court's October 31, 2025 deadline, it will be toward the end of October. His deposition was recently rescheduled due to his experiencing recovery-related complications which he hopes his upcoming surgery will address. The parties agree that Plaintiff will have the right to serve follow-up discovery stemming from any new information learned at his deposition (and they will file a joint motion for a limited extension for this discovery if needed).

## Settlement

12. There are no current settlement discussions in this case.

Dated: September 15, 2025

RESPECTFULLY SUBMITTED,

/s/ Scott Rauscher
*Counsel for Plaintiff*

3

Jon Loevy
Scott Rauscher
Josh Tepfer
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
scott@loevy.com

/s/ Andrea F. Checkai
*Special Assistant Corporation Counsel*

Steven B. Borkan
Timothy P. Scahill
Misha Itchhaporia
Emily E. Schnidt
Drew E. Wycoff
Andrea F. Checkai
Borkan & Scahill, Ltd.
20 S. Clark St., Suite 1700
Chicago, IL 60603
(312) 580-1030
*Counsel for Defendants Frano, Celio, Brasic, McDermott, Folino, Conroy, Zelig & Babich*


/s/ Daniel M. Noland
*Special Assistant Corporation Counsel*

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Elizabeth A. Ekl
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
Reiter Burns LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
*Attorneys for Defendant City of Chicago*

4