# EXHIBIT 8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

*FILED*
*JUDGE MARGARET BROSNAHAN-1811*
*JAN 11 2018*
*DOROTHY BROWN*
*CLERK OF CIRCUIT COURT*

PEOPLE OF THE STATE OF ILLINOIS,    )
                                    )
            Respondent,             )
                                    )
    v.                              )    No. 09 CR 6422
                                    )    Judge Mary M. Brosnahan
ALLEN ROBINSON,                     )
                                    )
            Petitioner.             )

<u>SUPPLEMENT TO PETITION FOR POST-CONVICTION RELIEF</u>

Petitioner, ALLEN ROBINSON, by and through his attorneys, BLEGEN &

GARVEY, pursuant to 725 ILCS 5/122-2.1, as well as the Due Process, Equal

Protection, and Effective Assistance of Counsel provisions of the Fifth, Sixth and

Fourteenth Amendments to the Constitution of the United States and Article One,

Sections Two and Eight of the Constitution of the State of Illinois, respectfully

submits the following Supplement to his previously filed Petition for Post-

Conviction Relief.

VI.    DNA Analysis of the Confession Letter Alleged to Have Been
       Authored by Lamarius Robinson Confirmed Its Authenticity.

Since the filing of the petition on June 24, 2014, the State's Attorney's Office

Conviction Integrity Unit obtained the letter and envelope related to Lamarius

Robinson's confession. The letter and envelope were submitted for DNA analysis to

the Illinois State Police Forensic Science Center. A cutting from the letter contained

a mixture of DNA profiles which was incomplete and unsuitable for comparison.

The envelope, however, contained DNA suitable for comparison, and was

determined to be associated with the DNA profile of Lamarius Robinson. A copy of

**Robinson 002683**

the Illinois State Police Laboratory Report reflecting the results of the DNA analysis is attached hereto as Exhibit N.

To the extent trial counsel could have but failed to request that the letter and envelope be submitted for DNA analysis prior to trial, counsel was ineffective. The results of the DNA analysis certainly bolster the circumstantial evidence that Lamarius was in fact the author of the confession letter despite his refusal to testify. *See, People v. Faircloth*, 234 Ill.App.3d 386, 392, 599 N.E.2d 1356 (3rd Dist. 1992).

On the other hand, if counsel cannot be faulted for failing to seek DNA analysis of the letter and envelope, the results constitute additional evidence of Petitioner's actual innocence. The DNA analysis confirms that the confession letter was authored by Lamarius Robinson. The due process clause of the Illinois Constitution permits a post-conviction petitioner to assert a freestanding claim of actual innocence based on newly discovered evidence. *People v. Morgan*, 212 Ill.2d 148, 154 (2009). The newly discovered evidence on which such a claim is based must be "evidence that was not available" at Petitioner's original trial, and that Petitioner "could not have discovered sooner through diligence." *Id.* The evidence must also be material, noncumulative, and "of such conclusive character that it would probably change the result on retrial." *Id.*

The results of the DNA analysis would probably change the result on retrial. Here, the jury never got to even hear that another person had confessed in writing to the offense. Had the jury heard that evidence coupled with the fact that DNA

2

confirms the author of the letter, there is little doubt that Petitioner would be again convicted of the offense. Petitioner is entitled to a new trial at which he can present the letter and the accompanying DNA results.

    VII.   A *Brady* Violation Occurred Where Police Officers Failed to Disclose the Contents of Interviews of Purported Witnesses.

During Oscar Russell's interview by police, in his handwritten statement, and again in his grand jury testimony, he claimed that "Tay", "Ozell", "Big Shorty", and "Feb" were present and witnessed the shooting of Hanford.[1] According to a General Progress Report dated December 5, 2008, a copy of which is attached hereto as Exhibit O, Jamion Winters, a.k.a. Big Shorty, February Burage, a.k.a. Feb, Johntay Washington, a.k.a. Tay, were all taken to the police station, placed in separate interview rooms, and subsequently released at 5:00 p.m. No further report of what occurred in those interviews was reported by police.

Counsel has spoken with Winters, Burage and Washington, and all have attested that when they were taken to the station at Grand and Central they each told the police officers that they were not present at the time of the shooting, and did not witness the shooting. Copies of their affidavits were previously submitted with the original petition as Exhibits F, L and M.

To establish a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), a petitioner must demonstrate: (1) that "the evidence at issue is 'favorable to the

---

[1] Russell has subsequently recanted his trial testimony in a signed affidavit attached to the original petition as Exhibit K.

Robinson 002685

accused, either because it is exculpatory, or because it is impeaching'"; (2) "that the State suppressed the evidence, 'either willfully or inadvertently'"; and, (3) that prejudice ensued. *Skinner v. Switzer*, 131 S.Ct. 1289, 1300 (2011), *quoting, Strickler v. Greene*, 527 U.S. 263, 282-283 (1999). In order to demonstrate that prejudice resulted from the withholding of the evidence, the evidence must be material to guilt or sentencing considerations. *Strickler*, 527 U.S. at 282. Evidence is material, for purposes of *Brady*, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). This does not require a showing that the disclosure of the withheld evidence would have resulted in acquittal, but rather, that the suppression "undermines confidence in the outcome of the trial" such that "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *People v. Coleman*, 183 Ill. 2d 366, 393, 701 N.E.2d 1063, 1077 (1988), *quoting, Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

    A.    The State Suppressed Exculpatory Evidence

    It may well be that the State's Attorney's Office was not notified of the results of the interviews of Winters, Burage and Washington. Nevertheless, the *Brady* disclosure requirement "encompasses all evidence known to police investigators but not to the prosecutor." *People v. Beaman*, 229 Ill. 2d 56, 73, 890 N.E. 2d 500, 510 (2008), *citing Kyles v. Whitley*, 514 U.S. 419, 437 (2008). The failure to disclose the information is therefore conduct attributable to the State.

4

**Robinson 002686**

Furthermore, the State filed an answer to discovery on August 4, 2010. In that answer, the State listed Winters, Burage and Washington as potential State's witnesses. In that same answer, the State represented that it was "unaware of any evidence or witnesses which may be favorable to the defense in this cause." A copy of the State's Answer is attached hereto as Exhibit P. Based on the State's answer, defense counsel may well have been discouraged from interviewing the three purported witnesses identified by Russell after drawing the inference that they made statements detrimental to the defense.

B.    Prejudice

Petitioner can also demonstrate prejudice resulting from the failure to disclose the substance of the interviews, as this was material to Petitioner's case. As explained above, evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Bagley*, 473 U.S. at 682.

At trial, Russell was the only witness who maintained his claim that he witnessed the shooting of Hanford, and Petitioner was the offender.[2] The existence of evidence substantially impeaching Russell's account, but which was never disclosed to the defense, is the very definition of material evidence that would likely have affected the outcome of the trial.

---

[2] The State's other "eyewitness" Deandre Guyton, recanted his claim of witnessing the shooting at trial, and denied being present when Hanford was shot.

5

Robinson 002687

The United States Supreme Court has explained, in the context of a *Brady* violation, that:

> "Without doubt, defense counsel develops his trial strategy based on the available evidence. A missing piece of information may well preclude the attorney from pursuing a strategy that potentially would be effective. His client might consequently be convicted even though nondisclosed information might have offered an additional or alternative defense, if not pure exculpation."

*United States v. Bagley*, 473 U.S. 667, 707 (1985).

Trial counsel was undoubtedly hampered in his defense of Petitioner without the knowledge that the witnesses who Russell claimed were present had informed police that Russell's account was false. Coupled with the State's representation that these same individuals would be witnesses for the State, and the State had no favorable evidence or witnesses, the only conclusion trial counsel could reasonably draw was that Winters, Burage and Washington indeed corroborated Russell's account of the shooting.

Had the information been disclosed, however, counsel could have substantially impeached the only "eyewitness" to testify for the State. There is a reasonable probability that the outcome of the trial would have been different had counsel been made aware of this favorable information.

6

**Robinson 002688**

WHEREFORE, Petitioner respectfully requests this Court grant his Petition for Post-Conviction Relief, reverse his conviction, order a new trial, or grant him an evidentiary hearing to further support the allegations contained herein.

Respectfully submitted,

JODI L. GARVEY, One of the
Attorneys for Petitioner.

BLEGEN & GARVEY
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

7

Robinson 002689

CERTIFICATE OF SERVICE

JODI L. GARVEY, attorney at law, hereby certifies that on January 11, 2018, she served, or caused to be served, the foregoing Supplement to Petition for Post-Conviction Relief upon the Cook County State's Attorney's Office, by hand delivery.


JODI L. GARVEY

Robinson 002690

ILLINOIS STATE POLICE
Division of Forensic Services
Forensic Science Center at Chicago
1941 West Roosevelt Road
Chicago, Illinois 60608-1229
(312) 433-8000 (Voice) * 1-(800) 255-3323 (TDD)

Bruce Rauner
*Governor*

Leo P. Schmitz
*Director*

May 29, 2016
**LABORATORY REPORT**

DETECTIVE WILLIAM P. BURKE #20652
CHICAGO PD UNIT 630
DETECTIVE DIVISION, AREA 3
2452 WEST BELMONT
CHICAGO IL 60618

Laboratory Case #C08-049794
RD #HP715367

OFFENSE:   Murder
SUSPECT:   Allen Robinson
VICTIM:    Christopher Handford

The following evidence was received by the Forensic Science Center at Chicago on December 15, 2015:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 6A1 | Cutting from letter |
| 6B1 | Swab from envelope |

**RESULTS**
The following information pertains to Combined DNA Index System (CODIS) association # 15586.

DNA from Exhibits 6A1 and 6B1 was amplified using the Polymerase Chain Reaction (PCR) and profiled at the following loci: D8S1179, D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, D18S51, D5S818, FGA, and Amelogenin.

A mixture of human DNA profiles was identified in Exhibit 6A1 at the D8S1179, D3S1358, D19S433, TPOX and Amelogenin loci which was interpreted as a mixture of at least two people. The mixture was interpreted as potentially incomplete and is therefore unsuitable for comparison to known standards and is unsuitable for entry into the DNA Index.

A human male DNA profile was identified in Exhibit 6B1. This profile has been searched against the DNA Index. The search detected an association to the following individual which indicates that he may be the donor of the DNA profile identified: Lamarius Robinson, SID# IL52650790. The search also detected an association to laboratory case C05-52354/RD# HL713617 (Exhibit 1A1: vaginal swabs).

The human male DNA profile identified in Exhibit 6B1 has been included in the DNA Index and will continue to be compared to other DNA Index profiles. You will be notified if a probative association is detected.

**EXHIBIT**

**NO.** _N_

Robinson 002691

CHICAGO PD UNIT 630                        -2-                        May 29, 2016
Laboratory Case #C08-049794

**REQUESTS**
An additional standard from Lamarius Robinson will be necessary for confirmatory forensic analysis.
Please submit all appropriate standards to the Forensic Science Center at Chicago.

If you have any questions regarding this report, please feel free to contact me.

For results of previous biological examinations, please refer to the laboratory report by Forensic Scientist
Veronica Jackson from the Forensic Science Center at Chicago.

**EVIDENCE DISPOSITION**
Please note that Exhibits 6A1 and 6B1 were consumed in DNA analysis.

DNA evidence from this case will be returned to the Chicago Police Department Evidence and Recovered
Property Section.

Any analysis conducted is accredited under the laboratory's ISO/IEC 17025 accreditation issued by
ANSI-ASQ National Accreditation Board (ANAB). Refer to certificate #AT-1697 and associated Scope of
Accreditation.

Respectfully submitted,

Lisa M. Fallara
Forensic Scientist III

cc: CHICAGO PD UNIT 606-DNA
    SGT. SHEMASH-CHICAGO PD UNIT 606-DNA
    ASA Nancy Adduci-Room 12B13-COOK CO SA

**Robinson 002692**

| RAL PROGRESS REPORT TIVE DIVISION/CHICAGO POLICE | | DATE OF ORIG. CASE REPORT DAY MONTH YEAR | DATE OF THIS REPORT DAY MONTH YEAR WATCH |
|---|---|---|---|
| | | 03  Dec  108 | 05 Dec 108 2 |
| FENSE CLASSIFICATION—LAST PREVIOUS REPORT Homicide | VICTIM'S NAME AS SHOWN ON CASE REPORT Handford | | BEAT/UNIT ASSIGNED 5324 |

This form is designed for recording handwritten notes and memoranda which are made during the conduct of investigations, including: inter-watch memoranda (handwritten or typewritten), witness and suspect interview notes, on-scene canvas notes, and any handwritten personal notes made by detectives during the field investigation of violent crimes which are used to prepare official Department case reports.

Rm C

'15/05   JAMION WINTERS   IR# 1679505   M/1/17
        "Big Shorty"                   07 Aug 91

11/20/05 - COLTHUS ADV.  933 N. Waller
              C# 773-406-8534

12/20/05

Rm A - FEBRUARY Burrage IR# 1066568

Rm B  8 JAMES SHANNON   IR# 1745696

Rm D  JOHNTAY Washington   IR# 1591323
       1738 W. Arthington   Ph# 309-5489
       DOB - 7-31-91        C- 447-8663

—   FEBRUARY Burrage  "FEB"
      716 N. Long   w/G.M   C-Ph# 773 368-5695
    - Westside - Lamont Dusin   DOB - 23 MAR 92
    "Young Money"

       JAMES, SHANNON   Ph# Now
       542 N St Louis Ave   C Ph# 773-858-6659
                          DOB 08 Jul 92

* All release 1700 Hrs

| EPORTING OFFICER'S SIGNATURE—STAR NO. 20562 | RECEIVED BY: SUPERVISOR'S SIGNATURE—STAR NO. | DAY-MO.-YR. 12/9 22 Dec 08 | TIME 1500 |
|---|---|---|---|

P.D-23.122 (Rev. 2/83)

R.D. NO. HP157387

**EXHIBIT**

Robinson 002693

STATE OF ILLINOIS      )
                       ) SS.
COUNTY OF COOK     )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

**FILED**
**AUG 04 2010**
**Judge Brosnahan - 1811**

PEOPLE OF THE STATE OF ILLINOIS     )
                                     )
           vs.                    )    09 CR-6422
                                     )
                                     )
Allen Robinson

## ANSWER TO DISCOVERY

TO:     Attorney of Record

      Now come the PEOPLE OF THE STATE OF ILLINOIS, by their Attorney, **Anita Alvarez**, State's Attorney of Cook County, Illinois, through her Assistant, Tim Carter, and answer the defendant's motion for pre-trial discovery as follows:

1.     (a)     Bill of Particulars:

           DATE:        December 03, 2008

           TIME:         At approximately 9:12 p.m.

           LOCATION:    At or near 901 N. Lawler Ave., City of Chicago, County of Cook, State of Illinois

        (b)     The physical description of the location of the occurrence is contained in the police reports tendered to the defense in open court.

2.     (a)     The people may or may not call the following persons as witnesses to the trial of this cause:
           **CHICAGO POLICE DEPARTMENT**

           Joanna Jaromin *16390
           Brian Sherman *5742
           Kevin Quinn *5944
           Celal Surgit *10521
           Joseph Bembynista *15359
           Carl Brasic *10201
           Vincent Celio *12569
           Wayne Frano Jr.*8064
           David Zelig *5443

**EXHIBIT**
**NO.** P

**Robinson 002694**

Peter Babich *13992
Leonard Stocker *16837
Det. Donald Falk *20409
Det. Anthony Noradin *21252
Det. Timothy McDermott *21084
Det. John Folino Jr. *20143
Det. Carl Hattula *20516
Det. Bruno *20620
Det. Nickolas Spanos *21020
Det. Brian Tedeschi *20243
Det. Keith Olson *20168
Det. John Graham *21433
Det. Arthur Taraszkiewicz *21183
Det. Patrick McCormack *20573
Det. Joel Keeler *21002
Det. William Burke *20652
Det. Reno Biocci *21221
Det. David Healy *20855

## CIVILIANS

Louise Hanford
Dr. Singh
Sheree Jones
Adina Baines
Chandra Lee
Darrick Stidwell
Oscar Russell
Lamarius Robinson
February Burage
Ozell Jackson
Johntay Washington
James Shannon
Jamion Winters
Antoino White
Deandre Guyton


Assistant State's Attorney's
ASA Andrew Dalkin
ASA MelissaMeana
ASA Tene McCoy-Cummings

Court Reporter's Office
Debra Kelly

Robinson 002695

Cook County Medical Examiner's Office
2121 West Harrison, Chicago, IL
Dr. James Filkins, M.D.

Illinois State Police Crime Lab
1941 West Roosevelt, Chicago, IL

Marc Pomerance
Medical Personnel from Cermak Health Services
2600 South California, Chicago, IL

Personnel from the Chicago Fire Department
Juan Galvez *18749
Ronald O'Keefe *19291
Personnel from the Office of Emergency Communications Center

Personnel from Crime Lab, any person named in police reports, arrest reports, inventory sheets, medical reports, laboratory reports, Preliminary Hearing or Grand Jury transcripts, evidence reports, or any other document tendered to or available to the defense.

Any witness needed to establish the chain of custody for physical evidence sought to be introduced at trial.

(b)     The following witnesses made written statements:

Deandre Guyton
Oscar Russell

Written statements of witnesses, if any, have been tendered to the defense in open court.

(c)     All memoranda reporting or summarizing oral statements made by witnesses are contained in the police reports tendered to the defense in open court.

3.     The People may or may not call any or all persons listed in 2 (a) as occurrence witnesses at the scene of the offense or at the time of arrest.

4.     (a)     Written or recorded statements of the defendant or co-defendant(s), if any, have been tendered to the defense in open court. The date, time, and place of such statement(s), the circumstances under which it/they was/were made and the witnesses to the making or acknowledgment of the statement(s), are contained in the police reports tendered to the defense in open court. These statements may also be: Transcripts including but not limited to Grand Jury proceedings, Preliminary Hearings, depositions, prior trials or those created from video or audio tapes.

**Robinson 002696**

(b)     Summaries of oral statement(s) of the defendant or co-defendant(s), if any, the date, time, and place of such statement(s), the circumstances under which the statement(s) were made, and the witnesses present are contained in the police reports tendered to the defense in open court.

5.     The transcript of the Grand Jury minutes and/or Preliminary Hearing, if any, will be made available to the defense for inspection and copying upon being received by the People.

6.     (a)     The following articles, if any, may or may not be offered into evidence by the People at the time of the trial of this cause:  Electronically recorded interviews

Photographs, plats, charts, diagrams, illustrations, maps, any property inventoried by the Chicago Police Department and reflected in inventory receipts, copies of which are contained in the court file and also available for inspection and copying, certified copies of convictions and certified copies of auto records.

Any and all property mentioned in the police reports, arrest reports, medical reports, laboratory reports, Preliminary hearing or Grand Jury transcripts or any other document tendered to or available to the defense in open court.

(b)     The date, time, and place of acquisition, the persons involved in the acquisition and the circumstances of the acquisition of the articles are contained in the police reports tendered to the defense in open court.

(c)     The People will comply with all reasonable requests for inspection by the defense.

7.     Reports of experts, if any, made in connection with this particular case, including the results of physical or mental examinations, scientific tests, examinations, and comparisons, will be tendered to the defense upon being received by the People.

8.     Please see 6 (a) for any books, documents, photographs, and tangible objects obtained from or which belonged to the defendant, which the People may or may not use at the trial of this cause.

9.     The People have no knowledge at this time that any potential witnesses have any criminal convictions.

10.     The People intend to use certified copies of all convictions of the defendant, if any exist, for purposes of impeachment during the trial of this cause.  The record of these convictions is available for inspection.

11.     The People may or may not rely on the following prior acts or convictions of the defendant of a similar nature for proof of knowledge, intent, motive, scheme, or design:

**Robinson 002697**

None at this time.  Our investigation continues

12. The dates, times, places, circumstances, results, and persons present at any identification confrontations involving the defendant for crimes or offenses the People intend to use in the trial in this cause are contained in the police reports or other documents tendered to the defense in open court.

Any photographs available to the People, which were used in connection with any photographic identification, will be made available for inspection.

Any lineup photographs available to the People will be made available for inspection.

13. No electronic surveillance was employed in connection with this cause.

14. Any evidence which the People may use in the trial in this cause which was acquired by the execution of any legal process, whether a search warrant, arrest warrant or other process or court order, is listed in 5 (a) and in the police reports and other documents tendered to the defense in open court, if such process was used.

A copy of any legal process executed in connection with any evidence used in the trial in this cause will be available for inspection and copy if a copy is not in the court file.

15. No informant that the People intend to call as a witness in the trial of this cause exists.

16. The People are unaware of any evidence or witnesses which may be favorable to the defense in this cause.

17. The People will comply with lawful orders of the Court in this cause.


ANITA ALVAREZ
State's Attorney of Cook County

By:

Tim Carter
Assistant State's Attorney

**Robinson 002698**