IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN ROBINSON, | ) | |
| | ) | Case No. 23 C 02724 |
| *Plaintiff*, | ) | |
| | ) | Hon. Judge Martha M. Pacold |
| v. | ) | District Judge |
| | ) | |
| WAYNE FRANO, *et al.*, | ) | Mag. Judge Heather K. McShain |
| | ) | |
| *Defendants*. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO DEPOSE
PLAINTIFF'S CRIMINAL DEFENSE ATTORNEY (DKT. 153)**

**INTRODUCTION**

Defendants ask the Court to reconsider its prior ruling denying the Defendants' request to depose Plaintiff's criminal defense attorney Charles Piet. *See* Dkt. 153 at 14-15 (acknowledging that their motion is requesting reconsideration of this Court's prior ruling on this topic. *See* Dkt. 103 at 6). The Defendants' purported basis for reconsideration is Plaintiff's supposed abandonment of a prior assertion of attorney-client privilege by only now voluntarily waiving the privilege at his own deposition. Dkt. 153 at 15.

The entire basis of the Defendants' motion to reconsider is flawed for multiple reasons. First, when Plaintiff originally opposed Defendants' request to depose Mr. Piet, Plaintiff did not claim that his attorney-client privilege with Mr. Piet was fully intact. Indeed, as Defendants know, Plaintiff long ago waived *portions* of his privilege by filing an affidavit and testifying in his state court post-conviction proceedings to certain communications he had with Mr. Piet. *See Patrick v. City of Chicago*, 154 F. Supp. 3d 705, 713-15 (N.D. Ill. 2015) (explaining that

communications that a Plaintiff disclosed during his post-conviction litigation are waived in a federal section 1983 suit). This is precisely why Plaintiff answered these same questions—without objection—at his deposition.

      Second and relatedly, the *Patrick* court confirmed that the waiver on some topics does not broadly waive the privilege as to "all other communications on that same subject matter." *Id.* at 715-16. In other words, Plaintiff has always maintained (and continues to maintain) that certain portions of his communications with Mr. Piet remain privileged. This is exactly why Plaintiff, in his previous objection to the Defendants' request to depose Mr. Piet, stated that "[i]t is hard to imagine what testimony Mr. Piet [and his other criminal attorneys] could provide in their depositions that would not be privileged, irrelevant, **or** duplicative." Dkt. 103 at 6 (emphasis added). Nothing has changed: Just as before Plaintiff's deposition, some questions that would be asked for Mr. Piet call for privileged information that has not been waived, while others are duplicative or irrelevant. To this point, Defendants do not even attempt to argue in their motion to reconsider that Plaintiff's deposition waived any *new* topic that he had not otherwise waived long ago during his state court litigation.

      Third and finally, the Defendants ignore that this Court's prior ruling denying Defendants' request to depose Mr. Piet was not based on the idea that every question he might be asked would call for privileged information. This Court denied Defendants' request to depose Mr. Piet because "the premise of defendants' argument—that plaintiff's former attorneys have relevant testimony to give on this claim—is completely unsupported." Dkt. 113 at 5. This Court correctly recognized that the Defendants did not even "identify the elements of a malicious-prosecution claim or explain how the testimony of plaintiff's former lawyers could prove or rebut one or more of those elements." *Id.* The Defendants' belated attempt to address their prior

2

pleading deficiencies on the eve of the close of fact discovery is not a viable reason for this Court to reconsider a prior ruling. *See Wilkins v. Just Energy Grp., Inc.*, 171 F. Supp. 3d 798, 801 (N.D. Ill. 2016) (explaining that a motion to reconsider "is not a vehicle to rehash an argument the court has already rejected or to present legal arguments that were not presented earlier").

In short, there is nothing new that should cause this Court to reconsider its prior decision denying Defendants' request to depose Mr. Piet. There was no *new* waiver or abandonment of a prior assertion of privilege at Plaintiff's deposition, and the Defendants had an opportunity at the appropriate time during fact discovery to make their case as to why Mr. Piet's deposition was necessary. They did not meet their burden or persuade this Court. Defendants' motion should be denied.

**BACKGROUND**

Plaintiff sought state court post-conviction relief from his murder conviction on a claim of ineffective assistance of trial counsel. As part of that claim, Plaintiff filed an affidavit disclosing particular communications with his trial counsel Charles Piet in relation to various potential witnesses, and he ultimately testified to some of those conversations. The state court granted relief, and the State dropped charges. Plaintiff thereafter initiated this lawsuit on May 1, 2023. Two and a half years later, fact discovery is set to close on October 31, 2025.

During discovery, the parties litigated a dispute regarding the number of depositions the Defendants sought to take. Dkts. 97, 103. In pertinent part, Defendants sought to depose Plaintiff's criminal defense attorney (Mr. Piet), and Plaintiff objected. In his written objection, Plaintiff stated: "It is hard to imagine what testimony Mr. Piet [and his other criminal defense attorneys] could provide in their depositions that would not be privileged, irrelevant, **or** duplicative." Dkt. 103 at 6 (emphasis added). When Plaintiff was deposed in this civil rights

3

matter on August 21, 2025, he answered questions pertaining to the attorney-client privileged information he knowingly waived during the state court proceedings without objection. The Defendants do not assert in the pending motion to reconsider that Plaintiff's deposition waived privilege on any additional topic that was not otherwise waived during the state court proceedings. *Compare* Dkt. 153 at 4, 5 (Defendants' essentially identical description of the topics Plaintiff waived during the state court litigation), *with id.* at 7-8 (Defendants' description of the topics Plaintiff waived during his deposition).

Ultimately, the Court denied Defendants' request to depose Mr. Piet. The pertinent part of this ruling states as follows:

> Defendants also seek to depose the attorneys who represented plaintiff during his criminal trial, [including] Charles Piet . . . . Defendants contend that these attorneys "have information that may have a direct bearing on Plaintiff's malicious prosecution claim[.]" Yet the premise of defendants' argument—that plaintiff's former attorneys have relevant testimony to give on this claim—is completely unsupported. Indeed, defendants do not identify the elements of a malicious-prosecution claim or explain how the testimony of plaintiff's former lawyers could prove or rebut one or more of those elements. The Court is also cognizant of the burden that such depositions would pose on the parties, given the likelihood that plaintiff and/or his former lawyers may raise attorney-client privilege objections during any such depositions. Defendants have not carried their burden to show a particularized need for these depositions.

Dkt. 113 at 5 (third alteration in original) (citations omitted).

Seven weeks after Plaintiff's deposition, with just three weeks left in fact discovery, Defendants filed a 15-page motion to reconsider this prior ruling on the faulty premise that Plaintiff waived his attorney-client privilege for the first time at his deposition. Dkt. 153 at 1. Defendants' motion raises arguments—all of which could have been raised during the prior briefing—as to how Plaintiff's malicious prosecution and *Brady* claims make Mr. Piet's deposition testimony important. As noted by this Court, Defendants did not even previously cite the malicious prosecution elements let alone raise these arguments and, in fact, the Defendants

4

never even referenced Plaintiff's *Brady* claim at all when seeking Mr. Piet's deposition in their previous motion. *See* Dkt. 97 at 10.

**ARGUMENT**

"The standards governing motions to reconsider . . . are well-settled." *Webb v. United States*, No. 04 C 4625, 2005 WL 8179043, at *1 (N.D. Ill. Apr. 7, 2005). "[M]otions for reconsideration under Rule 54(b) are disfavored and generally serve the limited function of correcting manifest errors of law or fact. A motion to reconsider is not an appropriate vehicle to advance arguments already rejected by the Court or new legal theories not argued before the ruling." *Chi. Reg'l Council of Carpenters Pension Fund v. Carlson Constructors Corp.*, No. 17-CV-04242, 2022 WL 3087938, at *1 (N.D. Ill. Apr. 13, 2022) (cleaned up). Motions to reconsider may not be used to "raise new arguments" that were not made the first time around. *See id.* at *2 (internal quotation marks omitted).

**I.  Nothing has changed to warrant reconsideration of this Court's prior ruling one week before the close of fact discovery.**

The entire premise of the Defendants' motion is a claim that Plaintiff previously asserted that the entirety of his attorney-client privilege with Mr. Piet remained intact and abandoned that position at his August deposition for the first time. Defendants provide no support for that position. Plaintiff acknowledges his waiver of the attorney-client privilege with Mr. Piet during the state court litigation as to certain witnesses applied to this section 1983 litigation. *See Patrick*, 154 F. Supp. 3d at 713-15. That is why Plaintiff answered questions about those same topics without objection during his August deposition. The argument that Plaintiff actually made when Defendants sought to depose Mr. Piet (Dkt. 103 at 6)—that Mr. Piet's potential deposition could raise privilege concerns—similarly remains correct and is simply an acknowledgement that a waiver on some topics does not generally constitute a full subject matter waiver. *See*

5

*Patrick*, 154 F. Supp. 3d at 715-16; *see also Abbott Lab'ys v. Andrx Pharms., Inc.*, No. 05 C 1490, 2006 WL 2092377, at *4 (N.D. Ill. July 25, 2006) ("[W]aivers of the attorney-client privilege are to be narrowly construed."). This Court seemingly recognized the same. Dkt. 113 at 5 (recognizing "the likelihood" of privilege objections during a potential deposition of Mr. Piet). The Defendants do not and cannot cite to any additional waiver from Plaintiff's deposition that warrants reconsideration of this Court's prior ruling, nearly 7.5 weeks after Plaintiff's deposition and on the eve of the close of fact discovery.

      **II.    It is far too late to substantively consider Defendants' new arguments for why Mr. Piet's deposition is so important.**

The Defendants had every opportunity the first time to make their case why Mr. Piet's deposition was so important to them. This Court concluded they failed to make their case. *Id.* Defendants claimed it was important to defending against the malicious prosecution claim, but they did not even cite the elements of a malicious prosecution claim, let alone explain why Mr. Piet's deposition was relevant to that claim. And they made no reference whatsoever to Plaintiff's *Brady* claim and why they needed to depose Mr. Piet as to that. Dkt. 97 at 10. The Defendants use many pages of their recent motion to try to make their case now, but this is plainly a misuse of a motion to reconsider. *See Chi. Reg'l Council of Carpenters Pension Fund*, 2022 WL 3087938, at *2.

Plaintiff is not going to re-engage in every new argument raised by Defendants as to why this deposition is really important to them. As this Court noted, on the substantive question on whether to allow extra depositions, this Court is guided by Rule 26(b)(1) and the limits of Rule 26(b)(2). Dkt. 113 at 2 (citing *PeopleFlo Mfg., Inc. v. Sundyne, LLC,* No. 20 CV 3642, 2022 WL 1062706, at *1 (N.D. Ill. Apr. 8, 2022)).

6

## CONCLUSION

Defendants fail to satisfy the standard for a motion to reconsider. Nothing has changed since they last sought Mr. Piet's deposition, other than that fact discovery is now set to close in a week. The Court should deny Defendants' motion to reconsider.

                                        RESPECTFULLY SUBMITTED,

                                        /s/ Joshua Tepfer
                                        *Counsel for Plaintiff*

Jon Loevy
Scott Rauscher
Joshua Tepfer
Aadi Tolappa
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
josh@loevy.com