**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALLEN ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-2724 |
| | ) | |
| WAYNE FRANO, VINCENT CELIO, CARL BRASIC, TIMOTHY MCDERMOTT, JOHN FOLINO, JR., PATRICK CONROY, DAVID ZELIG, PETER BABICH, and the CITY OF CHICAGO, | ) | Judge Martha M. Pacold<br>Magistrate Judge Heather K. McShain |
| | ) | |
| Defendants. | ) | |

**STIPULATION AS TO PLAINTIFF'S *MONELL* CLAIM AGAINST DEFENDANT CITY OF CHICAGO**

Plaintiff and Defendant City of Chicago hereby stipulate to the following:

1. Plaintiff Allen Robinson filed a Complaint against Defendants City of Chicago (the "City") and defendants Wayne Frano, Vincent Celio, Timothy McDermott, John Folino, Jr., Patrick Conroy, David Zelig, and Peter Babich ("Defendant Police Officers").[1] Plaintiff's Complaint includes various claims brought under federal and state law.

2. In Plaintiff's Complaint, he claims the Defendant Police Officers violated his constitutional rights as a result of various policies, practices, and customs of the City. In other words, Plaintiff has brought a claim against the City of Chicago under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiff seeks a judgment against the City for damages caused by the alleged violation of his rights under the Constitution.

---

[1] Pursuant to the parties' Stipulation to Dismiss Defendant Carl Brasic (dkt. 149), Mr. Brasic was dismissed with prejudice on September 17, 2025 (dkt. 151), is no longer a defendant, and is not included in the definition of "Defendant Police Officers" herein.

3. Even if Plaintiff's constitutional rights were violated by the Defendant Police Officers as alleged, the City specifically denies any such constitutional violation was caused by a person with "final policymaking authority," denies the City has any "policies, customs or practices" that cause constitutional deprivations, denies it has any widespread deficient or unconstitutional practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies it has the requisite degree of culpability therefrom, and denies any alleged "policy, custom, or practice" of the City directly caused the alleged violations that would give rise to liability under 42 U.S.C. §1983.

4. Without admitting plaintiff's *Monell* allegations in his Complaint or any amended complaint incorporated into the Final Pretrial Order or filed at any time prior to the submission of the case to the jury (hereinafter the "Operative Complaint"), the City will consent to entry of judgment against the City for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if and only if the finder of fact in this case finds that any of the Defendant Police Officers who remain as defendants through the conclusion of trial is liable to Plaintiff for a violation of Plaintiff's constitutional rights as alleged in the Operative Complaint, and that finding is either not appealed or that finding is appealed and affirmed in a final, non-appealable ruling of the highest appellate court to hear the matter. This paragraph applies regardless of whether the finding is by summary judgment or after a trial on the merits.

5. With respect to any assertions of qualified immunity by the Defendant Police Officers, the City will consent to entry of judgment against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney's fees pursuant to 42 U.S.C. §1988, if the finder of fact determines that any of the Defendant Police Officers violated Plaintiff's

constitutional rights as alleged in the Operative Complaint, even if that Defendant Police Officer is further found to be not liable to Plaintiff because that defendant is entitled to qualified immunity.

6. This stipulation will not apply to liability based on a settlement to which the City is not a party, or a non-court procedure such as arbitration or mediation, unless the City agrees to be bound by such proceedings.

7. The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City retains the right to move to alter or amend any judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other post-trial relief from such judgment based on any grounds not inconsistent with this stipulation.

8. Pursuant to this stipulation, the parties agree that the *Monell* claims against the City shall be dismissed with prejudice.

Dated: November 3, 2026

By: *s/ Daniel M. Noland*
One of the Attorneys for Defendant,
City of Chicago

Terrence M. Burns
Daniel M. Noland
Daniel J. Burns
Burns Noland LLP
311 S. Wacker, Suite 5200
Chicago, Illinois 60606

By: *s/ Scott Rauscher*
One of the Attorneys for Plaintiff,
Allen Robinson

Jonathan I. Loevy
Scott Rauscher
Aadi Tolappa
Loevy & Loevy
311 North Aberdeen, 3rd Floor
Chicago, IL 60607